### CARAWAY v. WEATHERS et al.
### (No. 2264.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 13, 1924.)

1. **Chattel mortgages ⟝277 — Petition held not to show debtor's unperformed agreement was accepted in full satisfaction of debt.**

Petition in suit to foreclose chattel mortgage *held* to negative conclusion that plaintiff intended to accept in full satisfaction of the indebtedness debtor's mere unperformed agreement to deliver live stock in payment of the secured note.

2. **Accord and satisfaction ⟝20—Creditor could set aside agreement accepted in discharge of note if agreement was induced by fraud.**

Even if a chattel mortgagee intended to accept in full satisfaction of note debtor's mere agreement to deliver live stock in payment of it, such agreement, if induced by fraud, might be set aside and recovery had on the original contract.

3. **Replevin ⟝57—Petition held to state a cause of action for recovery of horses or their value.**

Petition, if showing that debt secured by chattel mortgage sought to be foreclosed had been extinguished by agreement to deliver horses in settlement, *held* to state a cause of action against the debtor and a third person, who was claiming the horses for the recovery of the horses or their value.

4. **Bills and notes ⟝527(I')—Statute held not to make delivery of note to debtor conclusive evidence of payment.**

A delivery of a note by a creditor to a debtor is not conclusive evidence of payment, particularly where the agreement under which the note was delivered was procured by fraud; Negotiable Instruments Act, § 119 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—119), not giving a delivery such a conclusive effect.

Appeal from Dickens County Court; H. A. C. Brummett, Judge.

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by E. L. Caraway against John Weathers and the City National Bank of Spur. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

W. E. Lessing, of Spur, for appellant.

W. D. Wilson, of Spur, and B. G. Worswick, of Dickens, for appellees.

BOYCE, J. E. L. Caraway brought this suit against John Weathers and the City National Bank of Spur, Tex. He alleged that the defendant Weathers was indebted to him for a balance due on a promissory note for the sum of $719, executed by Weathers and secured by chattel mortgage on certain live stock of the value of $700; that after the execution of the note the defendant Weathers agreed to sell and deliver to the plaintiff certain live stock in payment of the note and to warrant the title to said property; that Weathers executed and delivered to the plaintiff a bill of sale to two of the horses, valued at $400, which were a part of the live stock included in the agreement; that Weathers represented that he had a clear title to the two horses and would deliver them, with certain other property, to the plaintiff, and, relying on said representations, plaintiff was induced to "accept said bill of sale and to deliver said note to the said John Weathers, it being agreed by and between the plaintiff and the said John Weathers that said lien, as created by said mortgage, was to remain in full force and effect until the delivery of the property so conveyed;" that the defendant Weathers never delivered the horses or any of the other property agreed to be delivered, as alleged; that the two horses mentioned were at the time of such agreement, and at the time of the pleading, in possession of the defendant bank, "which is setting up some claim or right or title thereto, in opposition and adverse to plaintiff's right, which, if the same exists, is inferior and subject to the bill [of sale] and title of this plaintiff;" that the bank has also taken possession of a part of the property included in plaintiff's chattel mortgage and has converted the same to its own use and benefit and is liable to the plaintiff for conversion thereof; "that if the claim of the City National Bank to the two black horses hereinbefore described is valid and superior to that of this plaintiff then the same was known to the defendant John Weathers at the time of the execution of said bill of sale thereto and all of said representations were false and untrue."

The plaintiff prayed for judgment for the balance of his debt against John Weathers, with foreclosure of his lien against all defendants; that he have judgment against the bank for the conversion of certain property included in his chattel mortgage; also that he have judgment against the bank for title and possession of the two horses already referred to, and, if they cannot be found, for their value; that in the alternative if it should be found that the bank has a superior title to the two horses then he have judgment against Weathers, canceling the bill of sale and credit entered on the note on delivery of such bill of sale and judgment against the said John Weathers for the full amount of the note. Plaintiff also prayed for general relief, etc.

Weathers was cited by publication. The trial court sustained general demurrers to the plaintiff's petition as urged by the appellee bank and in an answer for Weathers filed by an attorney appointed by the court to represent him.

[1] We think the court was in error in sustaining the general demurrer. The appellee bank contends that the plaintiff's petition shows that the note was discharged by the agreement for delivery of certain property in satisfaction thereof and that if plaintiff has any cause of action it is on this agreement and not on the note. We cannot sustain this contention. The agreement was in the nature of one for accord and satisfaction. Unless it was intended that the agreement itself, instead of its performance, was to be accepted in satisfaction of the original obligation represented by the note, there was no discharge of the original obligation. Ferguson-McKinney Dry Goods Co. v. Garrett (Tex. Com. App.) 252 S. W. 743 (11 and 12) 1 C. J. p. 530. The petition, we think, is sufficient to negative the conclusion that it was intended to accept the mere agreement in full and final satisfaction of the note.

[2, 3] Even if it was intended that the agreement to deliver the live stock was to be accepted in discharge of the note, yet if it should be found that this agreement was induced by fraud, as alleged in the alternative, it might be set aside and recovery had on the original contract. 1 C. J. pp. 569, 570, and authorities. And in any event, the petition set up a cause of action for the recovery of the two horses or their value.

[4] The fact that the note was delivered to Weathers is not conclusive, particularly if it should be found that the agreement under which it was delivered was procured by fraud. Reynolds v. French, 8 Vt. 35, 30 Am. Dec. 457; 1 C. J. p. 570, note 60, (A), (1). Section 119 of the Negotiable Instruments Act (article 6001—119, Vernon's Civil Statutes 1922 Supp.) does not, in our opinion, give such conclusive effect to such delivery.

Reversed and remanded.