Opinion delivered June 3, 1887.

No. 5453.

HENRY WALET v. A. L. HASKINS ET AL.

1. EQUITY—LACHES.—Equity will always refuse relief to stale demands when a party has slept upon his rights for a great length of time. Nothing can call forth its active interposition but conscience, good faith and reasonable diligence. Laches and neglect are always discountenanced.

2. LACHES.—One whose land has been conveyed by sheriff's deed under a voidable judgment rendered against him, can not, when chargeable with

notice of the adverse deed and in possession of the evidence on which he relies to set aside the judgment, wait for ten years, during which the courts are open to him, and then maintain a suit to clear his title of the adverse claim.

3. SAME.—The fact that one seeking equitable relief after such a lapse of time was, during a portion of that period, in possession of the land, can not excuse his laches. His possession gave notice of the adverse claimant of his claim, but not that he would assert such claim in a suit to cancel the deed which assumed to convey under the judgment of a court, his title to another.

4. LACHES—One whose land has been sold under a judgment which he claims to have been voidable, can not excuse his apparent laches in instituting a suit to set it aside, on the ground that he could not procure the title papers to the land. In such a proceeding there is no necessity for the plaintiff to establish his own title as against an adversary who claims under him.

APPEAL from Karnes. Tried below before the Hon. H. Clay Pleasants.

The opinion states the case.

*McLeary & Barnard*, for appellants, on their proposition that the petition was sufficient to avoid the defense of laches and stale demand, cited Connolly v. Hammond, 51 Texas, 645; McKin v. Williams, 48 Texas, 92; Reed v. West, 47 Texas, 240; Taylor v. Campbell, 59 Texas, 315; Satterwhite v. Rosser, 61 Texas, 166; Murphy v. Welder, 58 Texas, 235; Moss v. Berry, 53 Texas, 632.

*John A. & N. O. Green* and *Lawhon & Browne*, for appellees, on their proposition that the petition did not state facts to excuse the laches of appellant, cited Tinnen v. Mebane, 10 Texas, 246; DeCordova v. Smith, 9 Texas, 129; Carlisle v. Hart, 27 Texas, 352–354; Bremond v. McLean, 45 Texas, 19; Connolly v. Hammond, 51 Texas, 647, 648; Bowman v. Wathen, 1 Howard United States, 192–196; Wagner v. Baird, 7 Howard, 257–259; Piatt v. Vattier et al., 9 Peters, 416, 417; Beckford v. Wade, 17 Vesey, 88–98; Kerr on Fraud and Mistake, 1 American Edition, 303, et seq.; Wood on Limitations, chapter 6, page 108.

WILLIE, CHIEF JUSTICE. This suit was before this court on a former occasion, and is reported in 63 Texas, 213. The case was then reversed in favor of the present appellees, because the court below ruled out the sheriff's deed under which the appellees claimed, and because certain testimony as to the pay-

ment of taxes by Mrs. Haskins was excluded, and also because the court refused to charge the jury that ten years would bar a suit to cancel a sheriff's deed.

It was held that the plaintiff could not recover in the state of the case then presented to this court, whether his action was to be treated as one of trespass to try title, or as a suit in equity to cancel a deed and remove clouds from title. If an action of trespass to try title, he could not recover because he was collaterally attacking a sheriff's deed, which was not void, but, under the proof, voidable; if a suit to remove the cloud caused by the deed, he could not succeed because more than ten years had elapsed since the right to sue accrued, and no excuse for the delay had been alleged and proved. When the cause was remanded Walet amended his petition to meet the decision of this court upon the question of stale demand, alleging certain reasons and excuses for not commencing his suit at an earlier day. Upon a demurrer to the amended petition the court below held these excuses insufficient, and the plaintiff, refusing further to amend, the cause was dismissed. From this judgment of dismissal the present appeal is taken.

It is admitted by the appellant that he has no ground for reversal unless his petition has alleged some sufficient excuse for his delay in bringing the action, all other questions having been settled by the former decision. As to this matter the petition showed that before and down to the seventh day of May, 1867, the plaintiff was the owner of the land in controversy. On that day it was sold under an execution against the plaintiff in favor of H. H. Brockman and others, and was purchased by the ancestor of the appellees. Facts are alleged in the petition tending to show that this sale was voidable at the suit of the plaintiff.

This suit was commenced in 1881, more than ten years after the adoption of our State Constitution. As reasons why it was not begun earlier, the plaintiff stated that at the time the judgment, under which the execution sale took place, was rendered, he resided in Louisiana, and that he did not know that the judgment had been rendered against him, nor that the land had been levied on and sold to Haskins till some time in the year 1877. It seems that Walet had, in 1857, brought suit against Brockman and Buckman for damages for cutting timber off of this land; but that two years afterwards his attorney abandoned the suit, and he employed another firm of lawyers to take charge of it. That this firm having also abandoned the cause, and removed to

California in 1866, as the plaintiff learned a long time afterwards, it was dismissed for want of prosecution, and the execution under which the land was sold was for the costs adjudged against the plaintiff upon the dismissal of the suit. The plaintiff alleged that he had diligently inquired and corresponded with the clerk and sheriff of Karnes county, where the land lay, and other persons, concerning the result of said suit, from the end of the war down to 1877, without avail. He came to Texas in February of that year, and took possession of the land, and held it till ejected by the appellees in 1881. He had paid taxes on the land all the time through his agents, and had received no intimation that any other person claimed it.

When the appellant came to Texas in 1877, he soon ascertained from the records of Karnes county all about the sale of his land, but was told by an attorney—whom he proposed to employ to have the sheriff's deed canceled—that he could do nothing towards this without the original title papers. The plaintiff then details with great particularity his search for his deeds amongst the papers of the attorneys who had been previously employed by him in reference to the land, which shows considerable diligence in attempting to find them. After a search of several years they were found in the possession of the widow of one of those attorneys, in 1881, and this suit was immediately commenced.

The above are substantially the excuses offered by Walet for not bringing this suit within proper time, and we think the bare statement of them is enough to show that they are insufficient. Whilst it is shown that the attorneys last employed to represent him in his suit against Brockman et al. abandoned his cause without his knowledge, it appears that he had agents who paid the taxas on his land, and who must have known the condition of the title. It further appears, too, that the entire proceedings under which the appellees claim title were on record in Karnes county, and open to inspection.

The plaintiff was chargeable with notice of what occurred in court in reference to a suit which he himself had instituted and prosecuted for years. His absence from the State did not relieve him from the necessity of following up his case. If he trusted it to attorneys who abandoned the suit, it was his misfortune, and the appellees should not suffer for this misplaced confidence on his part. The very fact that his frequent letters, making inquiry about the suit, met with no answer, was a cir-

cumstance tending to make him suspect that all was not right in reference to the litigation. It is not shown that he wrote to the parties who were paying taxes for him; but it is shown that notwithstanding he received no answers from his attorneys and the clerks and other parties to whom he did write, he rested quietly for the space of many years, content that the case should take care of itself, and aware of the almost certainty that under the circumstances it would be dismissed.

When he did, after the lapse of ten years, come to Texas to look after this land, his only diligence was in looking up his title deeds, for whose possession by him there was no special necessity. He could have brought this suit as well without as with them. He could doubtless have proved their contents by other evidence—at least, it is not shown that he could not; but, if he could not have done so, there was no necessity for him to offer in the case a single title paper. The deed which he seeks to cancel was one conveying his own title to Haskins. The latter claimed under him, and there was no necessity for his establishing his own title in this proceeding. Yet the appellant spent almost four years in a search for papers which could not profit him in the least. Nothing is alleged throughout the entire petition tending to show that the appellees or their ancestor, threw any obstacle in the way of the plaintiff's commencing suit, or did anything towards concealing their claim or the evidence that would overthrow it. "Equity always refuses relief to stale demands. When a party has slept upon his rights for a great length of time, nothing can call forth this court into activity but conscience, good faith and reasonable diligence. Laches and neglect are always discountenanced." (Smith v. Clay, 4 Bro. Ch. Rep., 640.) The reasons for this statutory rule are well illustrated in the present case.

The grounds upon which Walet sought to set aside the deed to Haskins were inadequacy of price, accompanied by unfairness in making the sale. Any circumstance tending to show that the land sold for a reasonable price, or that the sale was fairly made, would naturally, rest only within the knowledge of witnesses, who might die or remove beyond the jurisdiction of the court, and the purchaser be deprived of their testimony should the delay in bringing the suit be unreasonable.

It certainly was against equity and good conscience to allow him, when he was charged with notice of the deed that clouded his title, and was apparently in possession of all the evidence he

could ever obtain to set aside the deed, and the courts of the country were open to him, to wait till sufficient time had expired to bar his suit, and the evidence of his adversary had been probably lost by the lapse of years, and then institute a suit to clear his title of this adverse claim. The fact that he took possession of the land in 1877 does not affect the case. A suit to remove clouds may be brought when plaintiff is in possession as well as when he is not. The fact that he is in possession, does not, in our State, give him any better standing in court than if he had been ousted by the opposite party. (Thomp. v. Lock, 1 S. W. Rep., 112.) The equitable defense of lapse of time affects him as much in the one case as in the other in a suit of this character. His possession gives notice to the opposing claimant that he claims the land; but not that he will assert the claim by a suit to cancel an interfering deed. It is evidence rather of an intention to act on the defensive in a suit at law, than to proceed as a complainant in a court of equity. Time continued to run in favor of the appellees as well after Walet's possession as before, so far as the suit to cancel the deed was concerned, and more than eleven years having elapsed from the acceptance of the Constitution to the commencement of the suit, the action was barred, and the court correctly sustained the demurrer. The judgment is affirmed.

*Affirmed.*

Opinion delivered June 3, 1887.