**TERRY et al. v. BASKIN et al.**

No. 7432.

Court of Civil Appeals of Texas. Austin.

April 9, 1930.

Rehearing Denied April 30, 1930.

Neff, Hale & Neff, of Waco, for appellants.

A. J. Lewis, Roy Baskin, and W. A. Morrison, all of Cameron, for appellees.

E. A. Wallace, of Cameron, for appellees Mrs. Jessie Terry Bailey and others.

BLAIR, J.

Appellees Morrison, Lewis, and Baskin, instituted this suit for partition of 200 acres of land against the heirs at law of J. M. Terry, deceased. Terry originally owned the land. He was married twice. Of his first marriage there were six children, who are appellants here. Of the second marriage there were five children. Terry died intestate, leaving his second wife and his eleven children surviving him. Some six or more years after Terry's death his widow married one Maples, and a controversy arose between the appellants, children of the first marriage, and the surviving wife of the second marriage, which resulted in a lawsuit, brought by appellants against the second wife of their father, her then husband, Maples, and the five children of Terry's second marriage. Appellees Morrison and Lewis were employed by appellants to bring that suit, which contract of employment was reduced to writing prior to the bringing of the suit, and which contract conveyed to Morrison and Lewis a one-half interest in any land they might recover for appellants. This contract was dated August 7, 1915, and the suit was filed to the October term, 1915. The power of attorney and conveyance to Morrison and Lewis was recorded on October 29, 1915, and on May 26, 1916, judgment was rendered in the suit filed by them, awarding to each of the eleven Terry children a one-eleventh undivided interest in the 200 acres of land, and decreeing to Mrs. Maples a homestead interest in the land for life, or so long as she elected to use it as a homestead. Shortly after Mrs. Maples' death, and on December 10, 1928, appellees Morrison, Lewis, and Baskin, the latter having purchased the interest of one of the children of the second marriage, brought this suit for partition against all the heirs at law of J. M. Terry, giving notice by their pleadings that they expected to introduce certain instruments in support of their title, including the power of attorney and conveyance to Morrison and Lewis by appellants. Appellants answered that the power of attorney and alleged conveyance was procured through the fraud of Morrison, and was therefore null and void, and prayed that it be canceled, and that they be awarded the land claimed by Morrison and Lewis. They also pleaded that the consideration for

the power of attorney and conveyance had failed in whole or in part, because the value of the land asserted to be conveyed was so in excess of and disproportionate to the value of the service rendered as to shock the conscience, and further that a verbal contract of employment was made prior to the writteñ contract which was for a one-fourth interest in the land, and that Morrison, either through mistake or fraud, inserted in the contract a one-half interest in the land; and that they did not discover this mistake or fraud until about the time this suit was filed. To these defenses Morrison and Lewis filed special exceptions raising the two, four, and ten year statutes of limitation, that appellants' answer alleged no facts which would toll limitation, and that the facts alleged with respect to the oral contract for only one-fourth of the land recovered were immaterial, because that contract, if made, became merged into the later written contract, which must be canceled before any relief could be granted on the verbal contract; all of which exceptions were sustained.

On the trial, a four-elevenths interest in the land was awarded to four children of the last marriage, and a specific 72.8 acres was set aside to them. This is not contested here. Appellee Baskin was awarded a one-eleventh interest in the remaining 127.2 acres. This is not contested here. Morrison and Lewis were awarded jointly a one-half of six-elevenths interest in the 127.2 acres, of which Morrison was awarded three-fourths and Lewis one-fourth; and each of the appellants was awarded a one-twenty-second interest in the 127.2 acres, and a receiver was appointed to sell same and distribute the proceeds; hence this appeal, which presents three main questions for our determination, as follows:

1. A construction of the power of attorney and conveyance to determine if it conveyed a present interest in the land, or whether the same was merely an executory contract. Omitting formal and immaterial parts, the instrument reads as follows:

"That we, the undersigned * * * (appellants), being the sole surviving heirs at law of J. M. (familiarly known as Jim) Terry, have and by these presents do employ Morrison & Lewis, a firm of lawyers composed of W. A. Morrison and A. J. Lewis, as our true and lawful attorneys in fact for us and in our name to represent us fully in all respects as we could represent ourselves in the recovery of every claim, real, personal and mixed, that we may have against any and every person whomsoever, arising out of or to which we are entitled by reason of our inheritance from our deceased father, J. M. Terry, above mentioned, or his wife, our mother; said estate is supposed to consist of lands and other personal claims for insurance money, etc., against persons now claiming and in possession of lands to which we think we are entitled, or ought to be entitled by reason of our inheritance, as aforesaid, or otherwise, it being intended hereby to employ said attorneys to recover for us any and all lands situated in Milam County, Texas, to which we have a claim, whether said claim is disputed or not, to that end and for that purpose, and in consideration of the services already rendered and to be rendered by said attorneys, we have and by these presents do here now sell, assign, convey and set over to said attorneys a full undivided one-half of all of the lands and property to which we may be so entitled and which may be recovered by us or received by us or delivered to us from any person whomsoever so that said attorneys shall share equally with us and each of us in whatever may be realized presently or prospectively from any and all claims to real estate or personal property which we are entitled to receive or may be entitled to receive hereafter from the estate of our said deceased father and mother or from either of the same. * * *

" * * * It being the especial intention hereby to convey to said attorneys a full undivided one-half of all of the lands to which we may be so entitled and especially to all of said lands which may now be in possession of one Maples and his wife, who was our father's second wife, and whenever said property shall be recovered or received by us or the possession thereof obtained, then our joint interest in the same shall be equal with said attorneys and no more; and we hereby warrant and forever defend the title to said property herein conveyed to ᐧsaid attorneys, to them and their heirs and assigns forever against every person whomsoever lawfully claiming or to claim the same or any part thereof. * * *"

██ The land referred to in the contract as being in possession of Terry's second wife and her then husband, Maples, is the same land recovered by appellants under the judgment of May 16, 1916, and here sought to be partitioned. We think the instrument conveying the land to Morrison and Lewis conveyed a present interest in the land and was in no sense executory. It recites that some of the "services to be rendered" in consideration for the deed had already been rendered, and failure to render the other services contemplated would only be ground for avoiding the instrument to that extent, and is a covenant and not a condition, according to the rule announced in the following cases: Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Cooper v. Lee, 75 Tex. 114, 12 S. W. 483; Walet v. Haskins, 68 Tex. 418, 4 S. W. 596, 2 Am. St. Rep. 501; Hudgins v. Sansom, 72 Tex. 229, 10 S. W. 104; Witt v. Harlan, 66 Tex. 660; 2 S. W. 41; Garner v. Boyle, 97 Tex. 460, 79 S. W. 1066; Baker v. Temple

Lbr. Co. (Tex. Com. App.) 12 S.W.(2d) 176; Broadway v. Stone (Tex. Com. App.) 15 S.W. (2d) 230; Tate v. Tate (Tex. Civ. App.) 15 S.W.(2d) 159.

■ But, should it be held that the instrument did not convey a present interest in the land, but was merely an executory contract, as contended by appellants, and conditioned upon the "services to be rendered" by Morrison and Lewis before the contract would become executed and pass title to the land, then appellants' answer furnished all proof necessary to show the contract had been fully executed on May 16, 1916. Appellants alleged that Morrison and Lewis filed the suit for them for the land and recovered judgment for it. They attached the pleadings and judgment in that suit and the power of attorney and conveyance to Morrison and Lewis to their answer in this case, and made them a part thereof by specific reference. The answer therefore made admission which established the fact that the contract had been fully executed more than thirteen years before appellants complained of it in any manner.

■ 2. The instrument conveyed the legal title to the land to Morrison and Lewis. The law is settled that a deed or conveyance obtained by fraud is not void but only voidable as between the original parties and their privies. Therefore the title of Morrison and Lewis was prima facie good, and could only be avoided by a suit brought by appellants to annul and cancel the conveyance before they could recover the land. Deaton v. Rush, 113 Tex. 193, 252 S.W. 1025, and cases there cited. The suit to cancel or annul the conveyance here is one for affirmative relief to remove an existing impediment against appellants' right to recover the land under their plea of equitable title. The law is well settled that an action for this purpose comes within the four years statute of limitations, unless facts are plead sufficient to toll the statute. McCampbell v. Durst, 15 Tex. Civ. App. 522, 40 S. W. 315; Gulf Production Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1021, and cases there cited.

■ 3. With respect to the facts alleged as tolling the statute of limitations, appellants merely alleged that they had no notice of the fraud or mistake in the conveyance until 1928, about the time this suit was filed. This is a mere conclusion of the pleader, and furnishes no basis upon which the court could determine whether appellants, by the use of ordinary diligence, might have discovered the fraud at an earlier date, which is the settled rule with respect to this question. McBurney v. Daugherty (Tex. Civ. App.) 19 S.W.(2d) 113, and cases there cited; Gulf Production Co. v. Palmer, supra, and cases there cited. In this case appellants alleged that the conveyance had been executed for more than fourteen years. No allegation was made that appellees Morrison and Lewis prevented them from reading it at the time they admit they executed it. They also allege that the instrument had been filed and recorded for more than thirteen years before they questioned its validity in any manner. They do not allege that appellees Morrison and Lewis in any manner prevented them from examining the records or the instrument; and, without such allegations or others showing a reasonable excuse, they allege insufficient facts to toll the statute of limitations.

Our above conclusion renders without merit any other proposition asserted by appellants, and we affirm the judgment of the trial court.

Affirmed.

### On Motion for Rehearing.

■ On rehearing appellants contend that we erred in holding that the minority of the appellants represented by a guardian ad litem did not toll in their behalf the running of the statute of limitation pleaded by appellees and in requiring said minors to allege and prove that their mother died before the period of limitation was complete against her. The motion raises this question for the first time in any form. The minority of the particular appellants was not pleaded as tolling the running of the statute of limitation pleaded by appellees, nor that the period of limitation had not run against their mother before her death. The law is settled that, where one seeks to avoid bar of a statute of limitation duly pleaded on the ground of minority, coverture, or any other exception that would toll limitation or bring him beyond the pale of the operation of the statute, he must specifically plead such minority or exception. Bremond v. McLean, 45 Tex. 10; McDonald v. McGuire, 8 Tex. 366; McBurney v. Daugherty (Tex. Civ. App.) 19 S.W. (2d) 113, and the cases there cited.

The motion is overruled.

Overruled.