### FULLER v. WRIGHT et al.

### No. 1737.

Court of Civil Appeals of Texas. Waco.

March 14, 1935.

W. W. Mason, of Mexia, for appellant.

L. W. Shepperd, of Groesbeck, for appellees.

GALLAGHER, Chief Justice.

This proceeding was instituted by appellee, Howard Wright, in his capacity as receiver of the Oliver Motor Company, a corporation, against appellant, M. T. Fuller, in which he sought to have said corporation adjudged to be the owner of one La Salle automobile, and to have possession thereof awarded to him as such receiver. Appellee alleged as ground for such adjudication and award that said automobile had been transferred to appellant by one Frank Oliver, acting for said corporation, in pursuance of a pretended sale thereof to him, and that such pretended sale and transfer constituted a fraud on said corporation. Appellee further alleged that appellant, unless restrained by the court, would either transfer said automobile to some innocent third party or damage the same by use; that the value of said automobile could not be made out of appellant under execution, and that unless appellant was so restrained, the corporation of which he was receiver would be irreparably damaged in the sum of $848, the alleged value of said automobile. Appellee prayed for a temporary injunction imposing such restraint. The court grant-

ed a temporary injunction restraining appellant from using or disposing of said automobile during the pendency of the suit.

Appellant filed a motion to dissolve said injunction. The court heard and overruled said motion, from which order this appeal is prosecuted.

## Opinion.

█ Appellant's first contention is that appellee had, by sequestration, a plain and adequate remedy at law to prevent the use and disposition of said automobile during the pendency of this suit; that such legal remedy was as efficient as the remedy by injunction; that such injunction was therefore improvidently granted; and that the court erred in overruling his motion to dissolve the same. Both appellee's allegations and the testimony submitted in support of the same showed that a sale and transfer of said automobile from the corporation to appellant had been made. Appellee assailed such sale and transfer as fraudulent, and on that ground sought to have the same set aside. Fraud merely renders a transaction voidable. When it is said that fraud "vitiates" a transaction which it infects, it is not meant that a court will sua sponte ignore the same or set it aside. Appropriate action must in such cases be taken by the injured party in order to obtain such relief. 20 Tex. Jur. p. 16, and authorities cited in note 18. Appellee's suit to avoid or set aside such sale and transfer of the automobile to appellant was equitable in its nature. 17 Tex. Jur. p. 19, § 17. While appellee properly sought in the same suit to avoid or set aside the sale and transfer of the automobile to appellant and to recover the same, an adjudication of the invalidity of such sale and transfer by reason of the fraud alleged was a condition precedent to such recovery. Caraway v. Weathers (Tex. Civ. App.) 258 S. W. 926, 927, par. 2; Deaton v. Rush, 113 Tex. 176, 191, 192, 193, 252 S. W. 1025, 1030, 1031; McCampbell v. Durst, 15 Tex. Civ. App. 522, 40 S. W. 315, 319, 320; Terry v. Baskin (Tex. Civ. App.) 27 S.W.(2d) 857, 860, pars. 4 and 5 [reversed on issue of limitation (Tex. Com. App.) 44 S.W.(2d) 929, 78 A. L. R. 1067]; Swindall v. Van School District (Tex. Civ. App.) 37 S.W.(2d) 1094, 1098 (1st column); Pure Oil Co. v. Swindall (Tex. Com. App.) 58 S.W.(2d) 7, 10, pars. 5 and 6; Fleming v. Seeligson, 57 Tex. 524, par. 1; Murchison v. White, 54 Tex. 78, par. 2. Appellee's action being primarily one in equity for the avoidance of the sale and transfer of the automobile to appellant, and in connection therewith the recovery of the same for the benefit of the corporation, the court could grant an injunction restraining appellant from using or disposing of the same pending the suit as incidental to the relief sought, even though a legal remedy sufficient for the purpose might be available. Equity, having jurisdiction for the main purpose of the suit, may dispose of the entire matter in its own way. 32 C. J., p. 63, sec. 43, and authorities cited in note 70; Red Ball Stage Lines, Inc. v. Griffin (Tex. Civ. App.) 275 S. W. 454, 458, pars. 3 and 4; 4 Cooley on Taxation, p. 3325; 4 Pomeroy's Eq. Jur. (4th Ed.) p. 3209 et seq., §§ 1339, 1340. The foregoing rule was recognized and given a broad application by our Supreme Court in the comparatively recent case of City of Dallas v. Wright, 120 Tex. 190, 36 S.W.(2d) 973, 77 A. L. R. 709, et seq. In that case the city of Dallas levied a special assessment upon property owned by the Wrights for benefits accruing from certain improvements. The ordinance making such assessment also authorized the issuance of an assignable tax certificate declaring personal liability of the Wrights and fixing a lien on their property for the payment of the same. The Wrights, within the time fixed by law, filed a suit asking that the assessment be set aside on various grounds of alleged invalidity. Pending the determination of the issues raised therein, they sought the issuance of a temporary injunction restraining the city from selling or assigning such certificate. The city resisted the issuance of such injunction on the ground that the Wrights could not be prejudiced by an assignment of such certificate because they had an adequate remedy at law, in that they could urge any defense to such certificate in an action thereon by an assignee that they could urge in an action thereon by the city. The trial court refused the injunction, but the Court of Civil Appeals held that it erred in doing so, and remanded the cause, with instructions to the trial court to issue the same. A review of that ruling by the Supreme Court was invoked by an application for writ of error, which application was refused in a comprehensive opinion by that court published as above cited. Many authorities are cited therein, to which reference is here made.

██ We do not, however, wish to be understood as holding that the legal remedy provided by our sequestration statute was

available to appellee, and as sufficient for the protection of the rights of the corporation he represented as the restraint imposed by the injunction of which he complains. Appellee, before he could obtain a writ of sequestration for said automobile, would have had to file an affidavit in writing stating affirmatively that the corporation of which he was receiver was the owner thereof and entitled to the possession of the same. R. S. art. 6841, subd. 1. Notwithstanding a sale and transfer of property, whether personal or real, may be permeated with fraud rendering such transaction defeasible at the suit of the party or parties defrauded, the legal title to such property, under the authorities hereinbefore cited, nevertheless passes to the purchaser or purported purchaser thereof and remains vested in him until such transaction is avoided or set aside. The corporation of which appellee was the receiver was not therefore, at the time of the filing of this suit, the owner, in a legal sense, of said automobile and authorized as such to sue out sequestration process to impound the same pending final judgment in the cause.

Appellant's second and last contention is that the allegations of appellee's petition are wholly insufficient to support an injunction, in that they fail to show that irreparable injury will be suffered if the same is not granted. Appellee, as before stated, alleged, in substance, in his application that appellant, unless restrained by the court, would either transfer said automobile to some innocent third party or damage the same by use, and that in such event the value of such automobile could not be made out of appellant under execution, and that said corporation would suffer irreparable injury if such restraint were not imposed. Appellant, in his motion to dissolve the injunction, assailed said allegations by a general demurrer. He did not in such motion deny under oath the charge of insolvency upon which appellee apparently relied to show irreparable injury. Neither did he introduce on the hearing any testimony tending to show that he was solvent. He merely introduced a bill of sale conveying the automobile to him and stated that he would stand on his demurrer. Said demurrer was a general one, and as against the same appellee's allegations that a judgment for damages against him would be uncollectible constituted a sufficient basis for his averment of irreparable injury. Nagy v. Bennett (Tex. Civ. App.) 24 S.W.(2d) 778 et seq. (writ refused); Peterson v. Smith, 30 Tex. Civ. App. 139, 69 S. W. 542, par. 3; 24 Tex. Jur. p. 227, § 171.

The judgment of the trial court overruling appellant's motion to dissolve said injunction is affirmed.