BEN H. SHARPE V. LANDOWNERS OIL ASSOCIATION.

No. 6599.   Decided April 1, 1936.
(92 S. W., 2d Series, 435.)

*A. H.* and *W. L. Willie,* of Corsicana, for plaintiff in error.

*Smithdeal, Shook, Spence & Bowyer,* of Dallas, and *Campbell Osborn,* of Tulsa, Okla., for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by plaintiff in error, Ben H. Sharpe, against defendant in error, Landowners Oil Association, a corporation, to cancel an oil, gas and mineral lease on lands in Lamar County.   A judgment in favor of plaintiff in error in

the trial court was reversed and rendered by the Court of Civil Appeals. 61 S. W. (2d) 155.

The lease in question was executed by E. R. Stubblefield and wife, S. T. Stubblefield, to Landowners Oil Association January 1, 1930, and covered two tracts of land; one of 75 acres and the other of 172.15 acres. This lease was promptly placed of record in the county where the land was situated. Afterwards Stubblefield and wife conveyed to plaintiff in error Sharpe the 75-acre tract, and this suit was brought to cancel the lease on that tract. A copy of this lease was attached to and made a part of his petition. The lease, according to its terms, is still subsisting. Stubblefield and wife are not parties to the suit, although they presumably still own the 172.15 acres and have been receiving benefits under the lease.

██ It is settled beyond all question in this State that in a suit to cancel a written instrument all persons whose rights, interests or relations with or through the subject matter of the suit will be affected by the cancellation are necessary parties. Business Men's Oil Co. v. Priddy (Com. App.), 250 S. W., 156; McKay v. Phillips, 220 S. W., 176; State National Bank v. Lancaster, 229 S. W., 883; Dial v. Martin, 8 S. W. (2d) 241. The absence of a necessary party in a suit for cancellation is fundamental and jurisdictional to such extent that it must be considered by this court. It being apparent from the face of the record in this case that Stubblefield and wife are necessary parties to the suit, the trial court was not authorized to enter any judgment, and this court cannot render any judgment except to reverse and remand the case. Barmore v. Darragh, 227 S. W., 522.

The judgments of the trial court and of the Court of Civil Appeals are reversed and the cause is remanded.

Opinion adopted by the Supreme Court April 1, 1936.