**MATTHEWS et al. v. LANDOWNERS OIL ASS'N et al.**

No. 5765.

Court of Civil Appeals of Texas. Amarillo.

July 21, 1947.

Rehearing Denied Sept. 2, 1947.

other named defendants. The thirteen named plaintiffs seek to represent all Crosby County landowners who are similarly situated as against the twenty-three named defendants and all others who claim to hold an equitable and beneficial title to any of the minerals in the lands upon which exist the conveyances and leases sought to be cancelled.

In the alternative the appellants seek in trespass to try title and in other pleadings relief against the twenty-three named appellees (thirteen living in widely separated counties in Texas, ten persons living in four different counties in Kansas) and against the Landowners Oil Association as trustee and representative of numerous unknown beneficiaries unnamed in the conveyances sought to be cancelled. The appellants allege it would be difficult and impractical to make these beneficiaries parties defendant.

Several persons filed pleas of intervention, alleging substantially the same facts asserted by the appellants and pray for relief as against all of the appellees. The appellee, Landowners Oil Association, filed pleas in abatement to the appellants' petition as well as to each plea of intervention, alleging misjoinder of parties and causes of action as well as non-joinder of necessary parties.

The trial court sustained the pleas in abatement. The appellants declined to amend their pleadings and the cause was dismissed. The appellants duly accepted to the action and judgment of the court and gave notice of appeal.

A review of the appellants' second amended original petition reveals that on March 8, 1929, the appellants, W. O. Matthews and wife, executed an oil and gas lease to the Landowners Oil Association, on 92.15 acres of land located in Crosby County, Texas; that each of the other appellants, or his predecessor in title, subscribed similar mineral leases to the Landowners Oil Association on various tracts of land in Crosby County, differing from the Matthews' lease only as to dates, names of grantors, and descriptions of the real estate; that the appellee, Landowners Oil Association, was the grantee and lessee in numerous other conveyances of oil, gas,

W. P. Walker, of Crosbyton, L. A. Wicks, Sr., of Ralls, Ratliff & Conner, of Spur, E. H. Boedeker, of Dickens, and Joe S. Moss, of Post, for appellants.

Crenshaw, Dupree & Milam, of Lubbock, for appellees.

LUMPKIN, Justice.

This is a class action case designed to cancel certain mineral conveyances and leases. It was brought by the appellants, W. O. Matthews and twelve other named plaintiffs, residents of Crosby County, Texas, against the appellees, Landowners Oil Association, a corporation, and twenty-two

and other minerals covering thousands of acres of land in Crosby County; that in many cases the grantors of such leases and conveyances are dead, leaving such lands, either by will or by virtue of the law of descent and distribution, to many persons; that in many cases such grantors have sold and conveyed the lands to various grantees who have become subrogated to the rights of the original grantors; that the various grantors, the various legatees, and such persons who have inherited by virtue of the laws of descent and distribution, are scattered over the United States, and in some cases are located beyond the seas; that the number of individuals owning land in Crosby County and not named in the appellants' petition as party plaintiffs are about fifty-five in number and are so numerous that it would not be practical for the named appellants to locate and bring before this court each person owning any of the minerals in land situated in Crosby County, covered by leases and conveyances similar to that executed by the appellants, W. O. Matthews and wife, and the other named appellants to the Landowners Oil Association; and therefore, it has been necessary for the appellants to resort to a class action; that the persons named and described as class defendants are fairly representative of all of the defendants alleged by Landowners Oil Association to be members of Pool One; that very few persons asserted by the appellee, Landowners Oil Association, to be members of Pool One reside in the State of Oklahoma, but most of the members reside either in the State of Texas or in the State of Kansas.

By a stipulation of counsel it appears that eighteen of the named defendants were personally served with citation, that three entered their appearances and the rest were served by citation by publication. Further, it is reflected by the record that one of the named defendants is deceased and that his titles have passed to his estate.

The appellants attached a copy of the Matthews' lease to their petition. Generally speaking, this conveyance is similar to the usual oil and gas lease except insofar as it undertakes to create a pool of the interest of the various grantors in the royalties which may arise from the bringing about production on any of the lands in the pool. It gives to each member of the pool an interest in such royalties based upon the number of acres contributed by him to the pool. More specifically, Matthews' land was to be placed by the appellee, Landowners Oil Association, in an acreage pool, known as Pool One, which consisted, so the lease recites, of more than 25,000 acres but not to exceed 500,000 acres. According to the lease, the acres necessary to comprise this pool were selected according to the judgment and at the expense of the Association and on terms similar, except as to the duration of the term, to the Matthews' lease; that the privilege of assigning in whole or any part of the lease was given to the appellee with the understanding that the Landowners Oil Association would reserve to the collective credit of the members of the pool "as royalty, free costs, one-eighth of all oil, gas, or other minerals produced and saved from said land." It was provided in the lease that all royalty oil, or other royalty money, should be the collective property of all of the members of the acreage pool and of the grantee, and that the money was to be deposited to the credit of John Haney as trustee in the First National Bank at Ralls, Texas; that the trustee, John Haney, or his successor, would make quarterly distribution of the money, seventy-five per cent of the balance remaining after payment of the expenses of trusteeship to be distributed among the members of the pool; "that each member shall be entitled to share in the balance at each periodical distribution in the proportion that the number of acres he has conveyed to the pool bears to the actual number of acres comprising said acreage pool."

The appellants contend the trial court erred in sustaining the pleas in abatement and in dismissing this suit, because this proceeding may be maintained as a class action under Rule 42, Texas Rules of Civil Procedure; because the named appellants had the right under substantive law, without making use of the class action device, to proceed against the Landowners Oil Association, as trustee for numerous unknown defendants whom it was difficult and impractical to make parties to this suit.

We have studied the appellants' petition carefully. The name of Leslie Mitchell is listed as one of the parties plaintiff. A schedule, a part of the petition, sets forth the name of the original grantor of the lease or the conveyance sought to be cancelled and the name of the party plaintiff alleged to be subrogated to the original grantor. The schedule shows that B. W. Mitchell and wife subscribed an oil and gas lease December 7, 1939, on 640 acres of land located in Crosby County; and further, that Leslie Mitchell is the name of plaintiff who is subrogated to B. W. Mitchell and wife, the original grantors. Likewise, the schedule shows that on March 5, 1929, E. L. Ellison and wife executed an oil and gas conveyance on 160 acres of land in Crosby County. Glen Ellison is shown to be subrogated to the original grantors to the extent of one-half interest. There are no allegations in appellants' petition explaining the failure to join B. W. Mitchell and his wife as plaintiffs. E. L. Ellison is made a party plaintiff, but the appellants' petition fails to name his wife as a party plaintiff. Neither B. W. Mitchell, his wife, nor the wife of E. L. Ellison filed a plea of intervention. The appellants allege that certain of the parties plaintiff obtained their titles and became subrogated to the estate of the grantors and predecessors in title by virtue of the statute of descent and distribution; however, they fail to allege that Leslie Mitchell or Glenn Ellison became so subrogated, nor do they allege that these grantors are dead, or that no administration was had on their estate, or if such administration was had, that it is now closed, or that Leslie Mitchell was the sole heir of B. W. Mitchell and wife, or that Glenn Ellison was the sole heir of the wife of E. L. Ellison.

The appellee, Landowners Oil Association, filed a plea in abatement, claiming there was a non-joinder of necessary parties, asserting that all of the parties to the execution of the various written instruments sought to be cancelled and rescinded should be made parties to this suit. In our opinion, the trial court was correct in sustaining the pleas in abatement. In a suit to cancel a written instrument all persons whose rights or relations with the subject matter of the suit will be, or might be, affected by the cancellation are necessary parties. Dial v. Martin, Tex.Civ.App., 8 S.W.2d 241; Sharpe v. Landowners Oil Association, 127 Tex. 147, 92 S.W.2d 435; Royal Petroleum Corporation v. McCallum, 134 Tex. 543, 135 S.W.2d 958; Shell Oil Company v. Howth, 138 Tex. 357, 159 S.W. 2d 483. The appellants argue, however, that B. W. Mitchell and wife, who were alive December 7, 1929, the date this lease was executed, or their heirs or assigns, are persons similarly situated to the thirteen named plaintiffs and are under Rule 42, Texas Rules of Civil Procedure, before this court as class plaintiffs.

Where the numbers of those interested is so great as to make difficult or impossible the joinder of all such persons, or where some are not within the jurisdiction of the court or because their whereabouts are unknown, or under circumstances where if all were made parties, the death of some would delay or even prevent a decree, our courts under the provision of Rule 42, Texas Rules of Civil Procedure, recognize the right of a few such persons to sue, or to be sued, for themselves and all other similarly situated and thus represent the entire class or body of interested persons.

The problem before us here is to determine if this case comes under such a classification. In many respects this case, in our opinion, is similar to that of Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, which involved a block of land located in Hockley County, Texas. This block was owned by various parties, some twenty-one in number, who had made to the Texas Company a unitized lease covering a group of contiguous tracts of land comprising about 6,000 acres. Instead of all signing the same paper, these lessors executed separate instruments; however, each instrument was identical as to terms and provided that the unitized block should be operated and developed as one area. Each landowner who executed such a lease was vested with an interest in the royalty oil or any other minerals produced from any land in the whole unitized block. Each lessor's interest in the royalty oil or any

other minerals was in proportion to the number of acres he had contributed to the unitized block. The action was for trespass to try title. Four persons were named as parties plaintiff. None of the other persons who had signed leases in the unitized block were made parties to the suit. The trial court ruled that these other persons were necessary parties to the suit, and this ruling of the trial court was upheld by the Supreme Court of Texas.

In the case of Belt v. Texas Company, Tex.Civ.App., 175 S.W.2d 622, a suit in trespass to try title and involving the same unitized block as in the Thomason case, supra, this court held that the sixty-six persons purported to have executed leases comprising the block were essential and necessary parties to the suit.

In this case the appellants' petition states there are a number of persons who have contributed lands to Pool One who have not been named either parties plaintiff or defendant. In sub-division one of paragraph three, it is alleged that the Landowners Oil Association is grantee and lessee in numerous other conveyances of oil, gas and other minerals covering thousands of acres of land in Crosby County similar to the lease executed by the appellants. In the same sub-division it is alleged that individuals owning the lands in Crosby County who are not included in and described as plaintiffs are about fifty-five in number and so numerous in number that it is not practical for the plaintiffs to make them parties. There is no allegation as to the number of other individuals who have contributed to the pool—only the statement that they are so numerous as to make it impractical for the appellants to bring them before the court except by class action.

From a legal point of view, as distinguished from a geographical or geological viewpoint, we see no difference between the cases cited and this case. In the two cases the court was concerned with a unitized block composed of many contiguous tracts, obtained from numerous owners who had an interest in the mineral royalty in proportion of the amount of acreage each had contributed to the block. In this case we are concerned with a pool, comprising many non-contiguous tracts in three states, obtained from numerous owners, whose interest in the oil and gas royalty is determined in proportion to the amount of acreage each has in the pool. Should the appellants obtain a judgment freeing their land from the conveyances to the Landowners Oil Association, each of those who have royalty interest in the pool will have their leases cancelled and the pool dissolved without having had their day in court.

From appellants' allegations it is apparent that the persons not named as parties defendant have, or could have, interests adverse to and conflicting with those of the named appellants. The appellants wish to cancel leases in which all the contributors to the pool have an interest. The fact that they seek to make these persons, whoever they may be, parties defendant indicates, or at least raises the suspicion, that if brought before the court they would resist the cancellation of the leases. In assuming the position of being adverse to some of the contributors of Pool One, the appellants are not suing as the representatives of all the contributors.

In a class or representative suit, the rights and interest of the persons bringing the suit may not be different from those of the class they seek to represent, and this fact must appear from the plaintiffs' allegations of proof. 39 American Jurisprudence 921. In this case the rights and interest of the various persons who contributed to Pool One could be different. There was nothing before the court to show that the interest of all the parties plaintiff were the same, or that the interests of all the parties defendant were identical. Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741. Nor does the record reveal that any effort was made on the part of the appellants to show the trial court that the number of persons not named as plaintiffs or defendants was too numerous and that it would be impractical to bring them before the court. With the exception of the number of persons owning the lands in Crosby County, alleged to be fifty-five in number, the appellants failed to allege the number of other persons not made parties plaintiff or defendant, saying only that they were

so numerous as to render it impractical to bring them before the court. The question of whether or not the number of parties plaintiff or defendant was so great as to make it impractical to bring them before the court, was a question to be determined by the trial court; and we assume, where the record reveals nothing to the contrary, that the trial court exercised a proper judicial discretion in sustaining the appellee's pleas in abatement. Southern Ornamental Iron Works v. Morrow, Tex.Civ. App., 101 S.W.2d 336; Hicks v. Southwestern Settlement & Development Corporation, Tex.Civ.App., 188 S.W.2d 915.

■ The appellants argue that the terms of the conveyance creates a trust with a Landowners Oil Association as trustee, and in a suit to cancel the lease none other than the Association were necessary parties to the suit. Again we refer to Veal v. Thomason and Belt v. Texas Company, supra, in which the Supreme Court and this court held that the lessors and their assigns were necessary parties to a suit to cancel the leases.

■ Next, the appellants argue that even though the trial court was correct in holding that W. O. Matthews and the other named appellants could not maintain a cause of action under Rule 42 as a class action; nevertheless, under the substantive law of this state as expressed in the Texas Trust Act of 1943, these named appellants under the authority of Rules 40 and 41 could maintain their action against the Landowners Oil Association and bind all the beneficiaries as being members of a trust.

The appellants' petition alleges that numerous other persons have executed leases similar to that executed by W. O. Matthews and wife and are entitled to their pro-rata payment and distribution of royalties derived from any of the lands in Pool One. By the provisions of the Texas Trust Act of 1943, Article 7425b—24, Subdivision C, Vernon's Revised Civil Statutes, all persons receiving distributions from the trust estate at the time the action is filed are required to be made parties defendant. The appellants allege the existence of other persons; therefore, in order to avoid making them parties to the suit, it is necessary for them to allege and show that the other persons are not receiving distributions from the purported trust estate. Each contributor of land to this pool became the owner of a royalty interest in every piece of land forming the pool, and each of them was entitled to payment of royalties received from any part of the land in proportion to the amount of his contribution. In our opinion, the appellants' contention does not come under the Texas Trust Act of 1943, and therefore their points of error in this connection are overruled.

■ Nor do we believe the principle whereby one tenant in common may bring and maintain a suit without making his co-tenants parties is applicable to this case for the reason that here the appellants, as co-tenants of all those who contributed to the pool, bring their suit not only against the Landowners Oil Association, the person alleged to be in unlawful possession, but also against the co-tenants' interest in the appellants' land. Under such circumstances, in our opinion, the co-tenants are entitled to their day in court. Consequently they are necessary parties.

■ Last the appellants contend that aside from the class action features of this suit, the trial court erred in sustaining the pleas of abatement because W. O. Matthews and the other named appellants had the authority under Article 2041a, Vernon's Revised Civil Statutes, to proceed against the Landowners Oil Association as representatives of all unknown and undisclosed cestuis que trust.

By Article 2041a, citation by publication is authorized where land or interest in land is conveyed to any person or persons as trustees and the names of the persons holding the beneficial title are not disclosed; or to any association, joint stock company or partnership without disclosing the names of the members. However, it is further provided that if the grantee in such conveyance is shown to be a corporation, the act does not apply. In their petition the appellants allege that the Landowners Oil Association is a corporation; therefore, the act does not apply and the

appellants' contention in this connection is overruled.

We have carefully considered each of the points of error raised by the appellants. Finding no error, the judgment of the trial court is affirmed.