Herman **PETERSEN** et ux., Appellants,

v.

**ROBINSON OIL & GAS COMPANY** et al., Appellees.

No. 13896.

Court of Civil Appeals of Texas.

Houston.

April 5, 1962.

Wilson M. Rutherford, El Campo, for appellant.

Trotter, Cramer & Childs, Ray T. Fortenbach, K. Pat Gregory, Houston, for appellees C. J. Downey and D. F. W. Downey.

Wm. J. Zeman, Lloyd G. Minter, Bartlesville, Okl., E. H. Brown, R. K. Batten, Marion R. Froehlich, Houston, for appellee Phillips Petroleum Co.

COLEMAN, Justice.

This is a suit to cancel and terminate an oil, gas and mineral lease on the ground that the primary term of the lease had expired prior to the time drilling operations began. After a trial to the court without a jury, the desired relief was denied.

The lease involved in this controversy was dated March 27, 1947, and contained the following material provisions:

"2. Subject to the other provisions herein contained this lease shall be for

a term of ten years from this date (called 'primary term') and as long thereafter as oil, gas or other mineral is produced from said land or land woth which said land is pooled hereunder.

\* \* \* \* \* \*

"5. If operations for drilling are not commenced on land or on acreage pooled therewith as above provided on or before one year from this date the lease shall then terminate as to both parties unless on or before such anniversary date lessee shall pay or tender to lessor \* \* \* the sum of two hundred forty four and no/100 dollars ($244.00) (herein called rental) which shall cover the privilege of deferring commencement of drilling operations for a period of twelve (12) months. In like manner and upon like payments or tenders annually the commencement of drilling operations may be further deferred for successive periods of twelve (12) months each during the primary term. \* \* \*

"6. \* \* \* If at the expiration of the primary term, oil, gas or other mineral is not being produced on said land, or on acreage pooled therewith but lessee is then engaged in drilling or reworking operations thereon \* \*, the lease shall remain in force so long as operations are prosecuted with no cessation of more than sixty (60) consecutive days, and if they result in the production of oil, gas or other mineral so long thereafter as oil, gas or other mineral is produced from said land or acreage pooled therewith. \* \* \*"

Since the trial court filed no findings of fact or conclusions of law, the judgment implies all necessary fact findings in support of the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

The primary term of the lease expired at midnight March 27, 1957, unless it has been extended as authorized by the terms of paragraphs 5 and 6 quoted above. Wheelock v. Batte, Tex.Civ.App., 225 S.W. 2d 591, error ref., n. r. e.; Pitcock v. Johns, Tex.Civ.App., 326 S.W.2d 563, error ref. There is no contention that the delay rental was not properly paid on or before March 27, 1956. Such payment gave lessee the "privilege of deferring commencement of drilling operations for a period of twelve (12) months." If, therefore, appellee commenced drilling operations on or before March 27, 1957, or on said date, as provided in paragraph 6, was "then engaged in drilling operations," the lease did not terminate with the end of the primary term. The evidence shows that lessee engaged J. B. Ferguson, a drilling contractor, to drill a well on the leased land several days before the end of the primary term; that he employed a surveyor to stake a location for the well, who began his survey March 26, 1957, and staked the well location March 27, 1957. On March 27, 1957, the employees of J. B. Ferguson moved a maintainer onto the lease and worked two hours leveling the well location. On the next two days a few hours' work was done with the maintainer in draining the location. On March 30 a caterpillar was brought in and was used in leveling and draining the location that day and the next. On April 1, the caterpillar was used in constructing a road to the location. From the 1st of April through the 9th of April there was work on the road and location. On April 3 work was begun on moving a drilling rig onto the location. Work on the rig and drilling continued without interruption and resulted in the discovery of gas in paying quantities.

It is appellants' contention that drilling operations could not "commence" until machinery capable of drilling an oil or gas well was placed on the lease. They rely on such cases as Woods v. Bost, Tex.Civ. App., 26 S.W.2d 299, writ dism.; Guleke v. Humble Oil & Refining Co., Tex.Civ.App., 126 S.W.2d 38; Street v. Masterson, Tex. Civ.App., 277 S.W. 407, writ dism.; Gilliland v. Kimbrough, Tex.Civ.App., 146 S.W.

2d 1101; Witherspoon v. Staley, Tex.Civ. App., 156 S.W. 557, writ ref.; Jackson v. Anglin, Tex.Civ.App., 252 S.W. 1085, writ dism.; and Moore v. West, Tex.Civ.App., 239 S.W. 710, writ dism.

■ Appellees cite McCallister v. Texas Company, Tex.Civ.App., 223 S.W. 859, error ref.; Terry et al. v. Texas Company, Tex. Civ.App., 228 S.W. 1019; Wheelock v. Batte, supra; and Summers Oil and Gas, § 349, Vol. 2, pp. 459–460. We do not find the cases in conflict and think the rule deducible from an analysis of all the cases cited well stated in Summers, supra, as follows:

"The general rule seems to be that actual drilling is unnecessary, but that the location of wells, hauling lumber on the premises, erection of derricks, providing a water supply, moving machinery on the premises and similar acts preliminary to the beginning of the actual work of drilling, when performed with the bona fide intention to proceed thereafter with diligence toward the completion of the well, constitute a commencement or beginning of a well or drilling operations within the meaning of this clause of the lease."

■■ If drilling operations have "commenced," as that term is used in paragraph 5, then lessee is "engaged in drilling operations." Guleke v. Humble Oil & Refining Company, supra; Whelan v. R. Lacy, Inc., Tex.Civ.App., 251 S.W.2d 175, error ref., n. r. e. The record in this case supports the implied findings of the trial court that prior to the end of the primary term of the lease the lessee had set into motion the process of drilling a well, and that such acts preliminary to the actual work of drilling were performed with the bona fide intention of proceeding with diligence to the completion of the well. The lease did not terminate, as appellants contend, by reason of the failure of lessee to begin and prosecute required drilling operations.

■ A previous trial of this case ended in a mistrial when it was brought to the attention of the court that parties other than Robinson Oil Company and John V. Robinson should have been joined in the suit. The court's action in terminating the previous trial and requiring additional parties to be impleaded is made the subject of a point on this appeal. Appellants also complain that the trial court erred in admitting into evidence certain written instruments offered by the impleaded defendants to prove their interest in the subject matter of the suit. The points do not present error. The parties impleaded claimed an interest in the outcome of the suit by reason of liens which they had acquired on the leasehold estate and the instruments to which objections were made were offered for the purpose of proving the liens.

■■ In suits to cancel written instruments all persons whose rights would be affected by such a cancellation are necessary parties. Sharpe v. Landowners Oil Association, 127 Tex. 147, 92 S.W.2d 435; Royal Petroleum Corp. v. Dennis, 160 Tex. 392, 332 S.W.2d 313. The mortgages were properly introduced into evidence to prove the interest of offeror in the subject matter of the suit. The objection made was that the instruments were executed after the date of the defaults which appellants relied on to terminate the lease. Even if they were erroneously admitted, no harm to appellants has been demonstrated, as required by Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.