**PETROLEUM ANCHOR EQUIPMENT, INC.,**
Appellant,

v.

**William D. TYRA, Sr., et ux., Appellees.**

**No. 16491.**

Court of Civil Appeals of Texas.

Dallas.

May 14, 1965.

Rehearing Denied July 9, 1965.

Burford, Ryburn & Ford, Spencer C. Relyea III and John L. Estes, Dallas, for appellant.

Robert L. Netterville, Natchez, Miss., Forrest B. Jackson, Jackson, Miss., and Baker, Jordan, Shaw & Foreman, Dallas, for appellees.

CLAUDE WILLIAMS, Justice.

Petroleum Anchor Equipment, Inc. sued William D. Tyra and wife, Dorothy B. Tyra, seeking equitable relief by way of injunction and cancellation of two written instruments described as assignments of Application for Letters Patent. The Application for Letters Patent related to an invention described as a screw type earth anchor and pipeline saddle, a device utilized in anchoring pipelines laid in marshy terrain. Plaintiff corporation alleged that on January 8, 1963 the defendant William D. Tyra, Sr. entered into a conspiracy with one W. A. Moss and Luther S. Fite to deprive plaintiff of its ownership of said invention and Application for Letters Patent thereon; that in the furtherance of said conspiracy on said date Moss, being the president of plaintiff corporation, prepared false resolutions purporting to have been passed by the stockholders and board of directors of plaintiff corporation giving Moss full au-

thority to sell property belonging to the corporation, and that subsequent thereto on February 14, 1963 Moss, in furtherance of said conspiracy prepared a written assignment of the Application for Letters Patent and delivered the same to Fite. It was then alleged that on March 4, 1963 Fite, in furtherance of said conspiracy, executed an assignment of said Application for Letters Patent to defendant William D. Tyra, Sr. Plaintiff asked that defendants be enjoined from transferring the Application for Letters Patent and that the two assignments be declared null and void. The defendants answered, denying the conspiracy allegations and setting forth various special defenses. By trial amendment, plaintiff abandoned the conspiracy allegation against William D. Tyra, Sr. and alleged that the conspiracy was entirely between Moss and Fite. In addition thereto plaintiff's counsel advised the court that it would not seek to introduce any evidence of conspiracy involving Tyra, and none was offered.

During the trial of the case Moss testified that, as president of plaintiff corporation, and acting on authority of the resolution of the board of directors and stockholders of plaintiff corporation, he transferred the Application for Letters Patent to Fite. Fite testified that he then sold and assigned the Application for Letters Patent to Tyra for a consideration of $800 cash, together with the cancellation of an indebtedness of $2,200, or the total of $3,000.

Based upon the answers of the jury to the special issues submitted the court rendered judgment against plaintiff thereby decreeing title and ownership of the Application for Letters Patent to vest in defendants. Plaintiff appeals.

We are immediately confronted with a fundamental question of jurisdiction and although the same is not raised by either party to this appeal we are bound to take notice thereof. The record reveals on its face that Luther S. Fite, who is alleged to have been a co-conspirator as well as an assignee and assignor of the Applications for Letters Patent, is not named as a party to this litigation. It is our opinion that Fite was a necessary and indispensable party to this case. "In accordance with the rules concerning parties generally, all persons in whose favor or against whom a recovery may be had in a suit for cancellation, however insignificant the recovery may be, and all persons who are interested in the subject matter of the suit or the relief granted therein, and whose rights may be affected by the decree, must be made parties to the suit." 10 Tex.Jur.2d, Cancellation of Instruments, § 65, p. 414, and cases cited therein. The courts of Texas have settled the proposition that the absence of a necessary party in a suit for cancellation is fundamental and jurisdictional to the extent that it requires consideration by the appellate court. 10 Tex.Jur.2d, Cancellation of Instruments, § 65, p. 416.

In the case of Merritt et al. v. Ryno, Civ. App., 268 S.W.2d 546, a very similar situation was presented in a case to cancel written instruments. In that case the wife of one of the grantors in one of the written instruments involved and sought to be cancelled was not made a party defendant nor plaintiff. The Court of Civil Appeals at Waco took notice of the fact that there was a lack of necessary and indispensable parties. The court reiterated the rule established by our Supreme Court in Sharpe v. Landowners Oil Ass'n, Tex.Comm.App., 127 Tex. 147, 92 S.W.2d 435, wherein it was said:

"It is settled beyond all question in this state that in a suit to cancel a written instrument all persons whose rights, interests, or relations with or through the subject-matter of the suit will be affected by the cancellation are necessary parties. [Citing cases] The absence of a necessary party in a suit for cancellation is fundamental and jurisdictional to such extent that it must be considered by this court."

The rule announced by our Supreme Court in the Sharpe case, supra, is supported by such authorities as Barmore v. Darragh, Civ.App., 227 S.W. 522; Rogers Nat'l Bank of Jefferson v. Pewitt, Civ.App., 231 S.W. 2d 487, wr. ref.; Hunt v. McWilliams, 218 Ark. 922, 240 S.W.2d 865; Royal Petroleum Corp. v. McCallum, 134 Tex. 543, 135 S.W. 2d 958; Matthews v. Landowners Oil Ass'n, Civ.App., 204 S.W.2d 647; Hutchins v. Birdsong, Civ.App., 258 S.W.2d 218.

■ That Fite has an interest and that his interest will be affected by the cancellation of the two instruments here involved is revealed on the face of this record a number of times. He is the "middle man", so to speak, between appellant corporation and appellees, Tyra and wife. He is alleged to be a co-conspirator whose acts resulted in injury to the appellant corporation by virtue of which it demands cancellation of both instruments to which he is a party. He is the potential owner of the patent in question in the event Tyra's rights fail. He has a right to defend his title as well as that of the Tyras. Tyra paid Fite a valuable consideration for the assignment and had a right to protect himself in the event of a recovery by appellant. Fite being a necessary and indispensable party we must take notice of this fact and decline to proceed further.

Because of the fact that this cause will have to be retried, we refrain from any discussion of the various points of error and cross-points of error presented by both appellant and appellees.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

## ON REHEARING

Both appellant and appellees filed motions for rehearing in which they each contend that Luther S. Fite was not a necessary party to this litigation. The arguments advanced were primarily predicated on the proposition that Fite had conveyed his interest in the Application for Letters Patent to the Tyras and therefore could not have an interest in this action. Both parties seem intent in concentrating their attention towards the last instrument sought to be cancelled by appellant, that is, the one from Fite to the Tyras. In doing so they entirely overlook the crucial fact that appellant brought this action to cancel not one instrument but two separate assignments and the further fact that the cancellation of the second assignment ultimately depended upon the cancellation of the first. In its original petition appellant, after alleging in great detail the various acts which constituted conspiracy between its president, Moss, and Fite, in which conspiracy the Tyras are alleged to have participated, concludes by praying that it have judgment "cancelling said bill of sale from Petroleum Anchor Equipment, Inc., to Luther S. Fite, *and* said assignment from Luther S. Fite to Defendant, William D. Tyra, Sr." (Emphasis supplied). Subsequently, both orally and by means of trial amendment, appellant abandoned its allegations of conspiracy, or knowledge thereof, as against appellees, but reiterated and strengthened said allegations relating to such conspiracy between Moss and Fite which formed the basis of cancellation of the first assignment. This left the pleadings devoid of any equitable grounds for relief against the Tyras other than the claim of invalidity of the first assignment. The statement of facts is replete with testimony relating to alleged acts of conspiracy between Moss, appellant's president, and Fite which appellant contends formed the equitable basis for the cancellation of the first assignment to which appellees are strangers. Bearing in mind the dual nature of appellant's cause of action and the fact that appellant's cause of action must stand or fall on the validity of the first assignment to which Fite has a crucial interest, we are convinced that our original disposition of this appeal was correct.

■ It must be emphasized that for appellant to obtain equitable cancellation of

the assignment to appellees, it must first seek and obtain equitable cancellation of the assignment to Fite. Contrary to appellant's position, the assignment from appellant to Fite is not void but merely voidable. An instrument obtained by fraud is not void but voidable only. Absent allegations of fraud or other equitable grounds of cancellation against appellees their title is prima facie valid and can only be voided by suit and a decree annulling and cancelling the voidable assignment to Fite. Deaton v. Rush, Com. App., 113 Tex. 176, 252 S.W. 1025; Fuller v. Wright, Civ.App., 82 S.W.2d 179; Pure Oil Co. v. Swindall, Com.App., 58 S.W.2d 7; Ramirez v. Bell, Civ.App., 298 S.W. 924; Terry v. Baskin, Civ.App., 27 S.W.2d 857. Such being the rule, Fite's presence in this case becomes more obviously indispensable.

Appellees have now filed what they designate their "Reply to Appellant's Motion for Rehearing" in which they now agree with us that Fite was a necessary party to the litigation. In this instrument appellees say:

"If it be true that Appellant seeks to set aside both the assignment from Appellant to Fite, as well as the assignment from Fite to Tyra, then we are in accord with the Court's holding and regard Fite as an indispensable and necessary party. If the action is one merely to set aside the assignment from Fite to Tyra a different situation arises. In that situation Fite was clothed with apparent valid title and Appellees, as innocent purchasers, secured a valid title from Fite. When Appellant abandoned its claim of conspiracy and bad faith on Appellees' part its lawsuit fell, and we think under these circumstances Fite was not a necessary party, but before Appellant can attack the assignment from it to Fite, Fite is a necessary party."

Thus, appellees have now recognized that our original disposition of this appeal was made in the light of the dual nature of appellant's cause of action rather than the isolated cancellation of the last assignment.

The fact that Fite conveyed his interest in the Application for Letters Patent to the Tyras does not, under the circumstances of this case, negate the fact that he is an indispensable party. The same argument was considered in Merritt, et al. v. Ryno, Civ.App., 268 S.W.2d 546, in which the court held that the wife of one of the grantors in one of the written instruments sought to be cancelled was a necessary party even though she had likewise conveyed her interest. In Backus Portable Steam Heater Co. v. Simonds, 2 App.D.C. 290, which was a suit in equity for the cancellation and surrender of an alleged fraudulent assignment of a patent and to expunge said assignment from the records of the patent office, the court held that the parties by whom and to whom the assignment was made, as well as the Commissioner of Patents, were necessary parties. In 12 C.J.S. Cancellation of Instruments § 54, p. 1032, it is stated that: "Even though he has conveyed the property in question, the original grantee is a necessary party to a suit to set aside the conveyance to him."

It is a fundamental principal of law that where one seeks to cancel an instrument in a court of equity all parties to the instrument must be made parties plaintiff or defendant. Priddy v. Business Men's Oil Co., Civ.App., 241 S.W. 770, affirmed 250 S.W. 156; Dial v. Martin, Civ.App., 8 S.W.2d 241; Christian v. Hood, Civ.App., 19 S.W.2d 621; Wells v. Lewis, Civ.App., 159 S.W.2d 244; Matthews v. Landowners Oil Ass'n, Civ.App., 204 S.W.2d 647; Pattison v. Highway Ins. Underwriters, Civ.App., 278 S.W.2d 207; Petersen v. Robinson Oil & Gas Co., Civ.App., 356 S.W.2d 217.

Our Supreme Court, speaking through Mr. Justice Culver, in Royal Petroleum Corp. v. Dennis, 160 Tex. 392, 332 S.W.2d 313, restated the rule that necessary parties to a suit are those who have or claim a

direct interest in the object and subject matter of the suit and whose interest may necessarily be affected by any judgment rendered therein. Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472; Cook v. Pollard, 70 Tex. 723, 8 S.W. 512. Justice Culver continued:

"The term 'necessary parties' has also been defined as 'persons who have such an interest in the controversy that a final judgment or decree cannot be made without either affecting their interests or leaving the controversy in such a condition that its final adjudication may be wholly inconsistent with equity and good conscience.'" (citing authorities).

Can it be reasonably argued that Fite, one of the parties to the primary instrument sought to be cancelled, does not, or may not, have an interest in this controversy? Moreover, we think it cannot be reasonably denied that under the facts and circumstances as presented by this appeal, to omit Fite from this litigation, wherein cancellation is sought of an instrument to which he is a primary party and because of his alleged conspiracy and wrongs, would result in a situation wholly inconsistent with equity and good conscience.

The fact that the absent party is a nonresident and may not be subject to the processes of the court does not alter the rule. This question was discussed by the Commission of Appeals in Royal Petroleum Corp. v. McCallum, 134 Tex. 543, 135 S.W. 2d 958 (adopted by the Supreme Court), wherein the court said:

"It necessarily follows, however, that in a suit to cancel such a contract, where necessary parties are not within the jurisdiction of the court, and the court no longer possesses power to bring them under its authority, the court is without jurisdiction to litigate the question of the invalidity of the contract, and decree its cancellation."

This record does not reveal whether Fite may be brought into this case, either voluntarily or involuntarily, so that matter remains for determination by the trial court.

Motions for rehearing by appellant and appellees are overruled.