BELGAM OIL CO., Inc. v. WIRT FRANK-
LIN PETROLEUM CORPORATION
et al.

No. 11959.

Court of Civil Appeals of Texas. Galveston.

Feb. 18, 1948.

Rehearing Denied March 11, 1948.

Dixon Carroll, of Shreveport, and Morrow, Brelsford, Boyd & Murrin, Harry Brelsford and Geo. P. Murrin, all of Houston, for appellant.

Vinson, Elkins, Weems & Francis and I. M. Wilford, all of Houston, and S. G. Sample, of Edna, for appellee Wirt Franklin Petroleum Corp.

L. Alexander Lovett, of Houston, for appellee Houston Drilling Corp.

Baker, Botts, Andrews & Parish and A. H. Fulbright, all of Houston, for appellee Second Nat. Bank of Houston.

Paul A. Smith, of Houston, for appellees John G. and Katherine E. Mayo.

Fulbright, Crooker, Freeman & Bates, of Houston, for appellee Houston Oil Field Material Co., Inc.

Vance & Vance and John T. Vance, both of Edna, for appellee Martha McDonald Wright.

Donald Rein, pro se.

MONTEITH, Chief Justice.

This action was brought by appellee Wirt Franklin Petroleum Corporation, against Belgam Oil Company, Inc., and numerous other defendants, for the partition of an oil, gas and mineral lease covering 58½ acres of land, more or less, in Jackson County, Texas, and for a partition of the leasehold equipment used in connection with the lease.

The trial court found in the judgment rendered that appellee Wirt Franklin Petroleum Corporation was entitled to partition of the leasehold estate in kind, but that the property was incapable of partition in kind, and that said leasehold estate and the equipment thereon should be sold, subject to the outstanding overriding royalties, through W. H. Hamblen, who was appointed receiver, and that the proceeds of the sale be returned into court, and that, upon confirmation of the sale, the proceeds thereof should be partitioned between appellee Wirt Franklin Petroleum Corporation, and appellant, Belgam Oil Company, Inc., according to their respective interests.

By instrument dated October 13, 1932, J. B. Strouhal executed an oil, gas, and mineral lease covering said 58½ acres of land to Shell Petroleum Corporation. The Shell Corporation assigned the lease to W. Stewart Boyle and John G. Mayo. John G. Mayo assigned his interest in said lease to W. Stewart Boyle, reserving to himself an overriding royalty of 1/32 of the production. This overriding royalty is now owned by appellees Martha McDonald Wright, John G. and Katherine E. Mayo, The Second National Bank of Houston, as trustee, Donald Rein, and The Second National Bank of Houston. W. Stewart Boyle assigned an overriding royalty of 1/16 of 7/8 of the production from the east 40 acres of said 58½ acre tract to Houston Drilling Corporation. Appellee Second National Bank of Houston has a deed of trust lien on this override.

W. Stewart Boyle assigned to appellant, Belgam Oil Company, Inc., an undivided 1/3 interest in the lease on the said 58½ acres of land, subject to a 1/3 of the override of Houston Drilling Corporation, but not subject to the Mayo override.

By agreement between W. Stewart Boyle and appellant, Belgam Oil Company, Inc., Boyle was designated as the operator of the lease. He later assigned his 2/3 interest in the lease to Harry Pulaski and others, reserving to himself an overriding royalty of 1/24 of 7/8 of the production, which override is subject to a deed of trust lien in favor of appellee Houston Oil Field Material Company, Inc. After the assignment to Pulaski and others, appellant, Belgam Oil Company, Inc., elected, pursuant to a right accruing to it under the Boyle-Belgam Operating Company, to become the operator of the lease.

Pulaski et al. later assigned its interest to appellee Wirt Franklin Petroleum Corporation. This interest is subject to a deed of trust lien in favor of appellee Republic National Bank of Dallas.

The lease from J. B. Strouhal granted to Shell Petroleum Corporation the exclusive right to explore, drill, produce and take oil, gas and other minerals from said 58½ acres of land for a primary term of ten years and as long thereafter as oil or other minerals were produced by lessee from the land or from drilling or mining operations thereon. Lessee agreed to pay royalties to lessor, measured by the amount of production obtained, and was given the right at its option to surrender the lease as to any portion of the land covered thereby.

No findings of fact or conclusions of law were requested by the parties or filed by the trial court, but the court found in its judgment rendered that appellee Wirt Franklin Petroleum Corporation was the owner of an undivided ⅔ interest in the lease and equipment, and that Belgam Oil Company, Inc., was the owner of an undivided ⅓ interest in the lease and its equipment, and that they were the joint owners of the lease, the personal property and leaseholding equipment. The court found that the Wirt Franklin interest was subject to the Mayo and Boyle overrides, and to ⅔ of the burden of the Houston Drilling Corporation override, and that the interest of the Belgam Oil Company was subject to ⅓ of the burden of the Houston Drilling Corporation override.

The court found, after a full hearing, that the existence of the overriding royalties which were a burden on the interest of the plaintiff Wirt Franklin Petroleum Corporation, and which were not burdens on the interest of the appellant, Belgam Oil Company, Inc., would not prevent a fair and equitable partition of the property by sale and division of the proceeds, with due allowance in the division of the proceeds to the existence of the overriding royalties which burden the interest of the plaintiff Wirt Franklin Petroleum Corporation, but do not burden the interest of Belgam Oil Company, Inc., and that the proceeds of the sale could be fairly adjusted by the trial court in these proceedings.

Belgam Oil Company, Inc., duly excepted and gave notice of appeal from this judgment of the trial court. They predicate their appeal upon the alleged errors of the trial court in ordering partition of the entire 58½ acres "where the evidence showed and the court found that the interest of one of the joint claimants was an overriding royalty interest covering only the east 40 acres of said 58½ acres", and in ordering the lease under consideration sold subject to the overriding royalty interests carved out of the leasehold estate "where the evidence showed and the court found that the major portion of said overriding royalty is a burden upon the interest of appellee, Wirt Franklin Petroleum Corporation, and that the interest of appellant, Belgam Oil Company, Incorporated, is not subject thereto."

Article 6082, R.C.S., provides that "any joint owner or claimant of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners or claimants thereof in the manner provided in this chapter."

Rule 770, Texas Rules of Civil Procedure, which has as its source Art. 6096, Vernon's Ann. Texas Stat., which it repealed, provides that "Should the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, can not be made, it shall order a sale of so much as is incapable of partition, which sale shall be for cash, or upon such other terms as the court may direct, and shall be made as under execution, or by private sale through a receiver, if the court so order, and the proceeds thereof shall be returned into court and be partitioned among the persons entitled thereto, according to their respective interests."

■ It is undisputed in the record that the rights of Shell Oil Corporation, under the original lease, passed by mesne conveyances into appellee Wirt Franklin Petroleum Corporation and Belgam Oil Company, and that none of these rights are owned by the owners of the outstanding overriding royalties, and for that reason the owners of these overriding royalties had and have no right to go on said 58½ acres of land for the purpose of exploring for or producing minerals, and that they have no right to keep the lease in effect by paying delay rentals, no obligation to pay the les-

sor the royalty accruing under the lease, and that there is no obligation on them to drill offset wells. Their interests in said lease are similar to the interest of a royalty owner. Frost v. Standard Oil Company, Tex.Civ.App., 107 S.W.2d 1037.

The undivided interests in the lease under consideration were created by instruments which included words of conveyance covering an undivided fractional interest in the oil, gas and other minerals produced from the land. They created merely an interest in the production, in no way similar to the interest of an ordinary royalty owner.

In the case of La Laguna Ranch Co. v. Dodge, Cal., 114 P.2d 351, 353, 135 A.L.R. 546, a lessor, subsequent to a surrender of a leasehold estate, brought suit to quiet title against the owners of overriding royalties under the lease, to whom the lessee had, subsequent to the lease, assigned a fractional interest, termed an overriding royalty in the oil, gas and other minerals produced under the terms of the lease.

The appellants in the action took the position that the surrender by the lessee did not terminate the overriding royalty. The court of California in its opinion held that:

"The term 'overriding royalty' is applied generally in the industry to such fractional interests in the production of oil and gas as are created from the lessee's estate.

*    *    *    *    *    *

"Similarly, the term 'royalty' is generally applied to the fractional interests in the production which are created by the owner of the land either by reservation when an oil and gas lease is entered into or by a direct grant to a third person."

And, in discussing the relative rights of royalty owners and of a lessee to operate for minerals, the court said:

"Those rights are held by the operating lessee, and the holders of royalty interests contemplate nothing more than the receipt of their share of the oil and gas production.

"Similarly, while the operating lessee may assign an interest in his profit a prendre which is intended to make the assignee a tenant in common of his entire leasehold estate, he may, on the other hand, intend to retain in himself the operating rights contained in the profit a prendre, conveying to the assignee merely a fractional share of the oil and gas produced in the form of an overriding royalty.  *  *  *  In any case, the intention of the parties is controlling, and in the absence of a clear indication that such was the intent, the court will not construe royalty interests created for the duration of a specific oil and gas lease as granting the right to enter upon the land in question for the purpose of carrying on oil production or as creating a tenancy in common in the profit a prendre for that purpose. The instrument creating the overriding royalty interests of the defendants herein evidences no intent that defendants were to become tenants in common of the lessees' profit a prendre.  *  *  *  All actual operation was left in the hands of the lessees and it is clear that the parties contemplated no right of entry in the defendants for the purpose of drilling for oil and gas. It follows that no tenancy in common was created in the profit a prendre of the operating lessees."

In the case of Simms Oil Co. v. Colquitt, Tex.Com.App., 296 S.W. 491, 493, certain land was leased to Colquitt and Graves. In a partition thereof Colquitt secured a lease on two 40-acre tracts. He assigned the Simms Oil Company a lease on one of the 40-acre tracts.

Colquitt sued Simms Oil Company on the theory of an implied obligation of Simms to drill on the tract for producing oil to the credit of his reserved interest. He recovered in the district court and was affirmed by the Court of Civil Appeals. In reversing and rendering the case the Commission of appeals said: "The only logical implication of the assignment is that, if the oil company, in the exercise of its option under the lease, decided to drill a well and production should ensue, then the oil so produced was to be divided in the proportion stated between Colquitt and the Oil Company. No other construction of the lease and assignment is tenable. If the oil company preferred to surrender the

380

lease rather than pay rentals or drill the land, it had the right to do so. *  *  *"

In the instant case it is undisputed that appellee Wirt Franklin Petroleum Corporation and appellant, Belgam Oil Company, Inc., are the joint owners and the only joint owners of the lease, and that the Houston Drilling Corporation and other defendants in the suit, appellees herein, are owners of overriding royalties, and are not joint owners or co-owners of any interest in the lease.

In the judgment rendered the trial court ordered that the lease be sold subject to the outstanding overriding royalties, for the stated reason that the owners of the overriding royalties were not entitled to the possession thereof. Said Article 6082 provides a method whereby a joint owner may segregate his ownership and possession from that of other joint owners and that the interest of the owners of overriding royalties need not be sold in this partition suit for the reason that the owners of the overriding royalties do not have any right in possession.

In the case of Henderson v. Chesley, Tex.Civ.App., 273 S.W. 299, 301 (writ of error refused in 116 Tex. 355, 292 S.W. 156), the court said: "The statute *  *  * requires three necessary requisites to a forced partition: First, the partitioners must be joint owners; second, of the land, or of any interest therein; and, third, the party seeking the partition must have an equal right to possession with the other joint owners."

It is undisputed in this case that appellee Wirt Franklin Petroleum Corporation and appellant, Belgam Oil Company, Incorporated, are the only joint owners of the lease, and under the above authorities the owners of the outstanding royalties have no right to the possession of the lease with them.

In Tieman v. Baker, 63 Tex. 641, it is said: "The very purpose of partition is to enable one holding or entitled to hold with others an undivided possession, to sever that possession and right, and thenceforth to hold an exclusive possession of a specific part of the property, which before partition all the co-owners had the equal right to possess."

The fact that in the instant case the trial court has ordered the property sold in order to perfect the partition does not impair the validity of the rule that a partition proceeding involves a segregation of the right of use and possession of the land, and is for the purpose of bringing an end to a joint right of use and possession. The owners of the overriding royalties do not have the right of possession or the right to share in the possession under the lease, and consequently, it is not necessary that their interests be partitioned. The sole right of possession in the case is in the plaintiff, appellee herein, Wirt Franklin Petroleum Corporation, and the defendant, appellant herein, Belgam Oil Corporation, Incorporated.

The trial court found from what we deem to be sufficient evidence, that a sale of the mineral lease and the equipment, subject to the outstanding royalty interests, would produce a price which is fair to both appellant and the appellees, and that the existence of the overriding royalties which burden the interest of the appellee and do not burden the interest of appellant, Belgam Oil Company, Inc., will not prevent a fair and equitable partition of the property by sale and division of the proceeds, and that all other rights and equities between said parties pertaining to said property and the proceeds of such sale may be fairly adjusted by this court in these proceedings.

There is, we think, no doubt but that the trial court had jurisdiction to adjust the rights and equities between the parties to this suit. Thomas v. Southwestern Settlement & Development Co., 132 Tex. 413, 123 S.W.2d 290; Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620; Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 140 A.L.R. 1164; Harsch v. Kelly, Tex.Civ.App., 184 S.W.2d 342 (writ of error refused); Barkley v. Stone, Tex.Civ.App., 195 S.W. 925 (writ of error refused).

It follows that the judgment of the trial court must be in all things affirmed.

Judgment affirmed.