**ROGERS NAT. BANK OF JEFFERSON et al. v. PEWITT et al.**

No. 6520.

Court of Civil Appeals of Texas. Texarkana.
May 18, 1950.

Rehearing Denied June 8, 1950.

Cornelius & Cornelius, Jefferson, for appellants.

Wynne & Wynne, Philip Brin, Smead & Harbour, James J. Nallin, all of Longview, Brown & Russell, Mt. Pleasant, for appellees.

WILLIAMS, Justice.

W. C. Ralph and wife, the fee owners of four contiguous tracts of land, aggregating 162 acres, later surveyed out to be 184.49 acres, joined by the owners of other mineral interests in the tracts, on May 10, 1940, executed and delivered to T. W. Henry and Jim Parsons, as lessees, an oil and gas lease, represented by two instruments of similar import, covering above land which will be referred to as the senior lease. In June, 1940, Parsons assigned his interest in above leasehold estate to Henry, but in this assignment the former reserved and retained as an overriding royalty, a one-eighth of the seven-eighths of all oil and gas that might be produced from the leasehold.

On February 6, 1945, Ralph and wife executed and delivered to Robert Brown, a

defendant below, another oil and gas lease covering above lands. This lease so acquired in name of Brown was for the benefit of himself, Sklar and Dorfman, two of the defendants below, and one Flesh. Brown, according to plaintiffs' allegations, then proceeded, for the benefit of himself and above partners, during 1945 and 1946, to procure and did procure leases from the other mineral owners in above land and releases from various parties to asserted claims under the senior lease. This series of leases obtained by Brown will herein be styled the junior lease. Later Brown assigned his interest in this leasehold estate, and in the assignment reserved and retained a production payment in a large sum to be paid out of 1/64 of the 7/8 of all oil produced under the junior lease. One A. C. Martin, trustee, is the owner of indebtedness due by Brown which is secured by a deed of trust on the foregoing production payment.

By virtue of assignments out of Brown and his associates, or their assigns, and releases out of others, Pewitt, a defendant below, acquired all rights in the junior lease burdened with the production payment. Pewitt acquired from Maggie Preston et al., in 1945, another oil and gas lease covering a 69.84 acre tract, contiguous to the Ralph four tracts. In May, 1948, Pewitt, the asserted owner of the junior lease and the owner of the lease on the 69.84 acre tract, by virtue of the provisions contained in the respective leases did unitize and pool into a consolidated area the lands described in both leases for the production and saving of gas, which unit declaration was forthwith filed for record.

Appellants, The Rogers National Bank of Jefferson, Texas, Jim Parsons, and others not necessary to name, plaintiffs below, are the asserted present owners of the overriding royalty of 1/8 of the 7/8 retained under the senior lease. Plaintiffs in this action, filed in February, 1949, in which they sued Robert Brown, appellees P. H. Pewitt, Sam Sklar and Sam Dorfman, plead in their first count a formal trespass to try title action. In the second count in extensive pleadings, plaintiffs alleged that Henry, the lessee named in the senior lease, had complied with the terms of same by timely drilling a well and producing oil therefrom in paying quantities; that later through foreclosure proceedings, the judgment creditors of Henry who had bought his leasehold estate at a foreclosure sale proceeded to operate the leasehold by and through a receiver; that later through the alleged unlawful and unjust acts of Ralph, the fee owner, he ousted the receiver; that then Ralph entered into a conspiracy with Brown, and working together he enabled Brown through false representations to unlawfully secure execution of the instruments constituting the junior lease; and that Pewitt had full knowledge of all such alleged wrongful acts at the time he acquired the junior lease. Grounded upon this theory as reflected by above brief summary of the allegations in the petition, plaintiff prayed judgment for title and possession of the asserted overriding royalty and for such pro rata value of the oil and gas produced by Pewitt from wells on the Ralph land and for such other and further relief both special and general in law or in equity, to which they may be justly entitled.

The defendants Pewitt, Sklar and Dorfman in their plea of abatement asserted that the lessors and the owners of mineral and royalty interests in the 69.84 acres tract which had been unitized with the Ralph lands, the owner of the indebtedness secured by the trust lien on the production payment on the junior lease, and the lessors and owners of mineral and royalty interests in the senior lease, naming such persons, were not parties plaintiffs or defendants and that they were necessary and indispensable parties to the suit. The plea in abatement was sustained, and plaintiffs declining to amend, the court dismissed the suit.

In support of their first point that "the royalty owners under the tracts included in the unitization agreement were not necessary parties" plaintiffs take the position that under their pleadings they seek to recover only the overriding royalty interest exclusively out of the 7/8 leasehold estate which is entirely separate and distinct from the lessors' royalty interest; and this they

seek to recover solely from Pewitt. It is their argument that they do not seek to cancel the junior lease; that the lands will remain under a lease and the interest of the royalty owners will neither be increased, decreased nor affected in any way should plaintiffs recover the overriding interest.

◼ The senior lease, for a primary term of five years, under which appellants claim the overriding royalty, is of the usual "unless" form, and as such invested Henry and Parsons with a determinable fee in the oil and gas in place under the Ralph four tracts. Waggoner Estate v. Sigler Oil Co., 118 Texas 509, 19 S.W.2d 27. Under Parsons' reservation in his assignment to Henry, the former acquired a fractional part of the lessees' working interest in the senior lease. Belgam Oil Co. v. Wirt Franklin Petroleum Corp., Tex.Civ.App., 209 S.W.2d 376, 379. Premised upon the foregoing, it logically follows that the continued valid existence of above working or overriding royalty interest acquired by Parsons and those holding or claiming under him depends upon the continued valid existence of the senior lease. Belgam Oil Co. v. Wirt Franklin Pet. Corp., supra; 3 Summers Oil & Gas, Perm. Ed., Vol. § 554, pp. 319, 320.

These principles are recognized by appellants for under their pleadings they base their right of recovery upon the asserted continued valid existence of the senior lease and that Pewitt had at all times operated the Ralph land under and pursuant to the terms of the senior lease. Their pleadings are absent any element of a trust relation between them and Pewitt. There is no claim of privity of contract between appellants and Pewitt with respect to the senior lease. The unitization clause in the junior lease (not in the senior lease) and Pewitt's subsequent pooling of the Ralph land with the Preston 69.84 acre tract are in evidence in support of his denial that he had in any respect recognized the senior lease in his operation of the leasehold.

◼ Thus it is to be observed that the effect of any judgment that would validate the senior lease under which appellants claim would be to invalidate the junior lease or amend and vitiate same, under which Pewitt claims he operated the leasehold. This being the nature and effect of appellants' action, the lessors and royalty holders under the four tracts and the lien holder of the production payment, all named in the plea of abatement, would be interested in the subject matter and object of the suit and would be affected by a decree which cancelled or sustained the respective leases. So affected, they would be necessary parties. Veal v. Thomason, 138 Texas 341, 159 S.W.2d 472, 477; Belt v. Texas Co., Tex.Civ.App., 175 S.W.2d 622, w/r; Sharpe v. Landowners Oil Ass'n, 127 Texas 147, 92 S.W.2d 435; Keegan v. Humble Oil & Refining Co., 5 Cir., 155 F.2d 971; 31-A Tex.Jur. (Oil & Gas) Secs. 206, 207. If the unitized lease is destroyed by sustaining the senior lease and invalidating the junior lease, the royalty holders under the junior lease and the Preston lease would be affected by either a decrease or increase of what the respective groups would share in the production from any part of the four tracts pooled in proportion to his or her ownership on an acreage basis in the unit. Veal v. Thomason, supra.

In view of the conclusions reached, a discussion of the other point presented is pretermitted.

The judgment is affirmed.

### On Motion for Rehearing.

After appeal in this cause had been perfected, Robert Brown, a defendant who answered in the court below, has acquired all rights and claims of A. C. Martin, the lienholder mentioned in the original opinion. Therefore, under such showing, A. D. Martin, Trustee, is no longer a necessary or proper party, which eliminates the requirement as formerly expressed that he was a necessary party.

As amended, the original disposition is adhered to and appellants' motion for rehearing is respectfully overruled.