### MASSEY v. LEWIS et al.

#### No. 6644.

Court of Civil Appeals of Texas. Texarkana.

Nov. 6, 1952.

Rehearing Denied April 9, 1953.

Cornelius & Cornelius, Jefferson, for appellant.

Lewis & Chandler, Jacksonville, Vinson, Elkins & Weems and Thomas Fletcher, Houston, for appellee.

WILLIAMS, Justice.

Ed Massey, the plaintiff below, appeals from a decree which sustained a plea in abatement for non-joinder of alleged parties as defendants, and upon his refusal to amend and make additional parties as defendants, a take-nothing judgment was entered against him.

B. P. Swindell and wife, Elizabeth, acquired in 1904 as their community estate the 60-acre tract of land out of the Stephen Jarboe Survey in Cherokee County; the land described in plaintiff's first amended original petition. She died about 1923 and he in 1933. Both died intestate. She had five children by a former marriage and two by her marriage to B. P. Swindell. He was married only once. The seven children are dead. Each left surviving children. The heirs of B. P. Swindell and his wife, some 60-odd, extend into the third generation. Ed Massey is a grandson of Mrs. Swindell.

A deed executed by B. P. Swindell, dated March 9, 1926, and forthwith filed for record, purports to convey to Jessie May Brittian, his step-granddaughter, in fee simple with general warranty of title "My entire undivided one-half interest in and to" the 60-acre tract. (The deed so recites that he conveys a one-half interest.) This deed recites the consideration "of love and affection" for her. Jessie May Brittian joined by her husband, G. B. Brittian, under a deed dated February 11, 1939, forthwith filed for record, purports to convey to E. B. Lewis, a defendant below, an appellee here, the 60-acre tract in fee simple with general warranty of title. This deed purports to convey the entire interest or the whole of 60 acres. Its effect was to convey the interest acquired by her under the Swindell deed and her inherited interest from her grandmother, Mrs. Swindell.

Union Producing Company, the other defendant below, acquired by assignment the oil, gas and mineral lease executed by E. B. Lewis on May 18, 1948, to W. G. Dorsey which calls for and describes by metes and bounds the 60-acre tract. The tract is further identified by the recitation, "being the same land described in a deed dated February 11, 1939, from G. B. Brittian and wife to E. B. Lewis * * * to which deed and the record thereof reference is made for all particulars."

At the time of this hearing it was stipulated that defendant Union Producing Company had secured and then owned valid subsisting oil, gas and mineral leasehold leases that had been executed by all the heirs except plaintiff Ed Massey and one D. R. Tyre, also an heir. Ed Massey then also owned by purchase the inherited interest of Tyre. It was agreed that these leases are substantially similar in form and content to the lease from Lewis to Dorsey; that each describes and calls for all the sixty-acre tract; recorded and in good standing; each being for the primary term of ten years and providing for the payment of delayed rentals. Each lease carries the usual rental and royalty reduction clause, which reads: "If said lessor owns a less interest in the above described land than the entire and undivided fee simple estate therein, then the royalties and rentals herein provided shall be paid the lessor only in the proportion which lessor's interest bears to the whole and undivided fee * * *."

Plaintiff's original petition, filed August 14, 1950, alleged a statutory trespass to try title action to the 60-acre tract; and specially pleaded title to the tract under our ten years' statute of limitation. Vernon's Ann. Civ.St. arts. 7364 et seq., 5510. A plea in abatement for want of necessary parties as defendants was sustained. Plaintiff filed on August 18, 1951, his first amended original petition.

In the first count of his amended pleadings he alleged a statutory trespass to try title action to a 50/98 interest in the 60-acre tract and again specially pleaded title under the ten years' statute of limitation.

In the second count, by which in our opinion the action of the trial court is to

be tested, plaintiff alleged, that "After the death of the said Elizabeth Swindell and on or about December 27, 1923, the said B. P. Swindell, who was at that time 74 years of age, and living by himself upon the tract described in the petition, came to the home of plaintiff and told plaintiff if he and his wife would move upon this property with him and look after him during his old age, that he (B. P. Swindell) would give this plaintiff the tract of land; that he and his wife agreed and within a few days thereafter moved into the home with B. P. Swindell and have lived on, used and occupied said premises continuously since said date"; that "late in 1926, B. P. Swindell became ill and his mind became defective, and about said time he went to the Texas Confederate Home, where he remained until his death." He further alleged by reason of above oral agreement that he had made valuable improvements upon the land, listing such alleged improvements of the alleged reasonable value of $500; and that he fully complied with the agreement and performed the services agreed upon. His prayer for relief reads: "Wherefore, plaintiff prays that upon final hearing hereof he have judgment for the title and possession of an undivided 50/98 interest in and to the above described land, together with his damages, costs of suit and such other and further relief to which he may be justly entitled." One-ninety-eighth interest represents the inherited interest of plaintiff plus the inherited interest he purchased from D. R. Tyre. The remainder sued for or 49/98 interest represented the one-half community interest of B. P. Swindell.

■ Under the allegations in his pleadings, plaintiff here asserts an equitable title which will support this action in trespass to try title, Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146, 148, limited to a 50/98 undivided interest in the tract. Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930, 933, and authorities therein cited. Plaintiff resided on the premises on March 9, 1926, prior thereto and was so residing when this suit was filed.

Appellees contend in support of the decree that it was legally incumbent upon plaintiff to cancel and void the deeds from Swindell to his granddaughter and from the latter to defendant Lewis before plaintiff could recover this one-half interest on his asserted equitable title under the alleged parol gift. If above position be legally correct, then we are in full accord with appellees' further contentions that the heirs named in their plea in abatement would or could have a claim or interest in the one-half (Swindell) interest so released; and that to cancel the conveyance and establish the parol gift of the half-interest "would cut off and destroy the title of such co-heirs without opportunity to be heard." If it be necessary to cancel above deeds as a condition precedent to plaintiff's recovery we are in full accord that the named heirs were necessary parties. Although a unitized lease is not here involved, the applicable rule as to necessary parties is stated in Rogers National Bank of Jefferson v. Pewitt, Tex. Civ.App., 231 S.W.2d 487, citing Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, 477.

But plaintiff in his pleadings does not seek to cancel or annul the above-mentioned deeds. If plaintiff is able to establish as pleaded by him, that his equitable claim arose in December, 1923, and ripened into an equitable title prior to March 9, 1926, the date of the Swindell to Brittian deed, then he would have established a superior or prior title. In such an event his title would prevail as a superior title without the necessity of cancelling the two recorded conveyances. 28 C.J.S. Ejectment, § 24, p. 877; Luckel v. Sessums, Tex.Civ.App., 71 S.W.2d 579.

■ If plaintiffs should prevail in a trial on the merits, his recovery would not benefit the other heirs of B. P. Swindell. If he be unsuccessful, the title to the one-half (B. P. Swindell) interest remains in the defendants. As we view this lawsuit and if we be correct that it was unnecessary as a condition precedent to cancel the deeds, the title to the B. P. Swindell one-half interest rests in either plaintiff or the defendants, and the other alleged heirs of B. P. Swindell stand neither to gain nor to lose on the results of this suit. On such

898

premises they are unnecessary parties defendant.

Oral deposition of both plaintiff and defendant Lewis were introduced on the hearing. This evidence in the oral depositions deals with the merits of plaintiff's cause of action, and especially with the elements of an estoppel urged by defendants, which probably caused the entry of the additional decree that plaintiff take nothing by his suit.

The conclusions hereinabove stated renders unnecessary a discussion of the merits of the cause of action, the issue of an estoppel or the matter of the required notice between a claimant of an equitable title and a holder of a legal title.

The judgment will be reversed and the cause remanded.