# NO. 12-17-00120-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GERALD MORRIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ROBBIE MORRIS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Gerald Morris appeals the trial court's grant of summary judgment in favor of Robbie Morris. On appeal, he presents three issues challenging the trial court's summary judgment ruling. We reverse and remand.

## BACKGROUND

Robbie and Gerald were married in January 1970. In January 1988, Gerald entered into a contract to buy a piece of property consisting of 247.5 acres in Anderson County for $87,498.75 from Jon Gregg. Robbie was not a party to the contract. In February, Gerald assigned his rights as buyer to his brother, Michael Morris, via an assignment of buyer's interest in contract. In May, Robbie filed for divorce. In her amended petition, she included claims against Michael alleging that the assignment to him was in fraud of the community.

In December 1989, the divorce court held a hearing after which it verbally declared that it was granting the divorce and taking the property issue under advisement. In a December 8 letter ruling, the divorce court stated its intention to award both Robbie and Gerald each an undivided one-half equitable interest in the property, subject to debt. The divorce court signed a divorce decree, filed on August 10, 1990, reflecting the letter ruling and finding that Gerald's conveyance to Michael constituted fraud on the community estate. On September 5, Gerald filed

a motion to correct the judgment. That same day, Gerald executed a promissory note in the amount of $87,498.75, payable to Michael, and a deed of trust granting a lien against the property to secure the payment of the promissory note. On September 10, Gregg executed a warranty deed conveying the property to Gerald. The promissory note, deed of trust, and warranty deed are all dated August 31. On October 24, the divorce court entered an order vacating the divorce decree.

In January 1991, Gerald filed a voluntary petition for Chapter 7 bankruptcy. Robbie was listed as a creditor in the bankruptcy proceeding. On May 21, Michael filed a motion for relief from the automatic bankruptcy stay. In his motion, Michael asserted that he was the holder of a promissory note executed by Gerald, dated August 31, 1990, and secured by a deed of trust. Michael requested the bankruptcy court lift the automatic stay so that he could foreclose on the note. After a hearing, the bankruptcy court granted Michael's motion. The bankruptcy court's order (1) reflects that Robbie was notified of Michael's motion, and (2) specifically declared that Robbie did not own any interest in the property because she failed to exercise her option when the divorce court granted her an equitable right to purchase the property. The bankruptcy court then discharged Gerald and closed the bankruptcy case. Michael foreclosed on the property, and the trustee named in the deed of trust executed a trustee's deed conveying the property to Michael.[1]

In September 1991, after the foreclosure, the divorce court signed a second divorce decree.[2] This second decree duplicated the first decree but further ordered Gerald to execute a deed conveying an undivided one-half interest in the property to Robbie. In January 2000, Michael and his wife conveyed the property to Gerald via a warranty deed. On January 23, 2008, Robbie recorded an affidavit in the land records asserting that she owns an interest in the property. In January 2009, Robbie sued Gerald on grounds that she and Gerald each own an undivided one-half interest in the property based on the second divorce decree. She also asserted

---

[1] Gerald asks us to take judicial notice of the trustee's deed, a certified copy of which he attached to his brief. Robbie contends the trustee's deed is irrelevant. However, a court must take judicial notice if a party requests it and the court is supplied with the necessary information. *Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.*, 878 S.W.2d 598, 600 (Tex. 1994). Because we have the necessary information to do so, we take judicial notice of the trustee's deed under Texas Rule of Evidence 201. *See* TEX. R. EVID. 201.

[2] This decree states that it was signed on September 13, 1990. However, the decree is file stamped September 13, 1991 and the parties state in their briefs that the decree was signed in 1991.

a claim for partition of the property. Gerald filed a counterclaim alleging that he is the sole owner of the property.

In November 2016, Robbie filed both a traditional and no evidence motion for summary judgment. Robbie argued that the second divorce decree established ownership of the property, res judicata and collateral estoppel barred relitigation of ownership, and she is entitled to partition of the property as a matter of law. The trial court granted the motion for summary judgment, dismissed Gerald's counterclaim, and ordered the property be partitioned by sale. This appeal followed.

## SUMMARY JUDGMENT EVIDENCE

Before we reach Gerald's arguments regarding the trial court's summary judgment ruling, we first address Robbie's contention that the trial court erred by denying her objections to Gerald's summary judgment evidence. Specifically, she contends Gerald's affidavit contains statements that lack foundation, are speculative, contain hearsay, and violate the best evidence rule. Robbie also argues that two documents attached to Gerald's affidavit contain hearsay and are not properly authenticated.

### Standard of Review

Evidence offered in response to a motion for summary judgment must be admissible under the rules of evidence to the same extent that would be required at trial. *See* TEX. R. CIV. P. 166a(f); *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997). Decisions about the admissibility of evidence are left to the sound discretion of the trial court. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 42 (Tex. 1998). Accordingly, we review the trial court's evidentiary rulings for abuse of discretion, which we gauge by whether the trial court acted without reference to any guiding rules or principles. *Longoria*, 938 S.W.2d at 30.

### Personal Knowledge

In his response to Robbie's traditional and no evidence motion for summary judgment, Gerald included his affidavit and several documents attached as exhibits. Exhibit seven contained Michael's amended motion for relief from the automatic stay in the bankruptcy case and exhibit eight contained the order granting Michael's motion. Robbie objected that several statements in the affidavit lacked foundation, were speculative, contained hearsay, and violated

3

the best evidence rule. Specifically, she objected to certain portions of Gerald's affidavit and on appeal she specifically points to the following:

> Robbie Morris was listed as a creditor and was notified of the hearing and the requested relief as shown on the order.

> Robbie Morris, to my knowledge, never made an objection to the bankruptcy order. She never filed any type of motion with the federal court asking the order to be set aside. Robbie Morris never attempted to assert any type of interest in the subject property until January 23, 2008 when she filed an Affidavit of Ownership in the Official Public Records of Anderson County, Texas, which is recorded in Volume 2081, Page 652. In the affidavit she never mentions anything about the nature of her interest, the fact that a bankruptcy proceeding was held in which she was listed on the creditor matrix, and that a federal court entered an order declaring that she had no interest in the property.

Gerald's affidavit also states, "The facts contained within this affidavit are true and correct and are within my personal knowledge. I am personally acquainted with the facts herein stated."

On appeal, Robbie contends that Gerald's affidavit failed to establish personal knowledge because the "only foundation laid for this testimony is Gerald's bare assertion that he 'is personally acquainted with the facts stated herein…' This conclusory statement is insufficient."[3] She maintains that "[a]bsent a proper foundation, the entire narrative in [this] paragraph of the testimony in Gerald's affidavit is inadmissible."

An objection that the affiant does not have personal knowledge is an objection to the form of the affidavit and must be preserved in the trial court. ***Thompson v. Curtis***, 127 S.W.3d 446, 450 (Tex. App.—Dallas 2004, no pet.). Here, Robbie filed written objections to Gerald's affidavit on the basis that it "lack[ed] foundation" without explaining precisely what foundation was lacking. She did not object to a lack of personal knowledge. To preserve error, Robbie was required to state the grounds for the ruling she sought with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). Her general objection to a lack of foundation was not specific enough to preserve a complaint that the affidavit is not based on Gerald's personal knowledge. *See **id***. As a result, Robbie failed to preserve this complaint for appellate review. *See **id**.*

---

[3] Robbie does not argue, as she did in the trial court, that Gerald's affidavit is speculative or contains hearsay. Therefore, we do not address those complaints on appeal. *See* TEX. R. APP. P. 38.1(i) ("[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record[]"), 38.2 (requisites of appellee's brief), 47.1 (appellate court "must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal[]").

## Best Evidence Rule

Robbie also objected to Gerald's affidavit on grounds that his statements describing the contents of exhibits violated the best evidence rule. Gerald argues that the best evidence rule is inapplicable because the documents referenced in his affidavit were attached as exhibits to the affidavit.

Under the best evidence rule, an original writing, recording, or photograph is required to prove its content unless the rules or another law provides otherwise. TEX. R. EVID. 1002. A duplicate is admissible to the same extent as the original unless a question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate. TEX. R. EVID. 1003. In her written objections, Robbie did not raise any questions regarding the authenticity of the exhibits' originals or object that the circumstances made it unfair to admit the duplicates. Moreover, to be reversible, any error must have probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1. Gerald's affidavit merely details numerous facts and references the supporting documents attached as exhibits. We do not construe his affidavit as an attempt to actually prove the contents of the exhibits and we cannot conclude that the admission of Gerald's affidavit, coupled with the documents themselves, probably caused the rendition of an improper judgment. *See id*.

## Authentication

Robbie further objects to exhibits seven and eight, which contain Michael's amended motion for relief from the automatic stay in the bankruptcy case and the order granting the motion, alleging that they are not properly authenticated. However, evidence that a document was recorded or filed in a public office as authorized by law is sufficient to authenticate a piece of evidence. TEX. R. EVID. 901(b)(7). The amended motion for relief from the automatic stay and the order granting the motion are both marked as filed in the bankruptcy court. As a result, they are sufficiently authenticated per Rule 901(b)(7). *Id.*

Based on the foregoing, we conclude that the trial court did not abuse its discretion in overruling Robbie's objections to Gerald's summary judgment evidence. We now proceed to determine whether the trial court properly granted summary judgment in favor of Robbie.

In his first issue, Gerald contends the trial court erred in granting Robbie's motion for summary judgment. Gerald's second issue urges that res judicata and collateral estoppel do not apply because the divorce court lacked jurisdiction to adjudicate ownership of the property in the second decree. In his third issue, Gerald argues that res judicata and collateral estoppel are inapplicable because his claim to ownership is different from that in the divorce action.

## Standard of Review

The standard for reviewing a traditional summary judgment is well-established. The movant for traditional summary judgment bears the burden of showing the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When the movant seeks summary judgment on a claim in which the nonmovant bears the burden of proof, the movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to respond to the motion and present the trial court with any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). Generally, a trial court may not consider summary judgment evidence not referenced in or incorporated into the motion. *Fed. Home Loan Mortg. Corp. v. Pham*, 449 S.W.3d 230, 236 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Additionally, after an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claims. *See* TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex. 2004). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Id*. at 751. If the evidence

supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id*. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Id*.

In determining whether an appellant has raised more than a scintilla of evidence regarding the grounds on which a no evidence motion for summary judgment was based, we are limited to the summary judgment proof produced in the response. *DeGrate v. Exec. Imprints, Inc.*, 261 S.W.3d 402, 408 (Tex. App.—Tyler 2008, no pet.). In both traditional and no evidence summary judgment motions, we review the record de novo and in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). If the trial court's order does not specify the grounds on which it granted summary judgment, we affirm the trial court's ruling if any theory advanced in the motion is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

## Applicable Law

A joint owner or claimant of real property or an interest in property may compel a partition of the property among the joint owners. TEX. PROP. CODE ANN. § 23.001 (West 2014). The purpose of partition is to enable an owner of an undivided interest to sever that possession and to thereafter hold an exclusive possession of a specified part of property to which all joint owners previously had an equal right to possess. *Belgam Oil Co. v. Wirt Franklin Petroleum Corp.*, 209 S.W.2d 376, 380 (Tex. Civ. App.—Galveston 1948, no writ). "The elements of a suit to quiet title are (1) plaintiff has an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the defendant's claim, though facially valid, is invalid or unenforceable." *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex. App.—Amarillo 2013, pet. denied).

Under the "transactional" approach to res judicata, which Texas follows, a judgment in an earlier suit "precludes a second action by the parties and their privies, not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Getty Oil v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992) (quoting *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630

(Tex. 1992)); *see Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996). Res judicata has three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt*, 919 S.W.2d at 652.

The doctrine of collateral estoppel precludes relitigation of ultimate issues of fact actually litigated and essential to the judgment in a prior suit. *Getty Oil Co.,* 845 S.W.2d at 801. For an issue to be precluded by prior litigation, it must be shown that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; (3) the parties were cast as adversaries in the first action; and (4) the party against whom the doctrine is asserted must have been a party or in privity with a party in the first suit. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801–02 (Tex. 1994).

### Analysis

In her summary judgment motion, Robbie moved for (1) traditional summary judgment on grounds that Gerald's counterclaim to quiet title was barred by res judicata and collateral estoppel, (2) no-evidence summary judgment on grounds that Gerald failed to provide evidence showing that Robbie's claim to the property is invalid or unenforceable, and (3) traditional summary judgment on her partition claim. Her motion hinges on the contention that Gerald was improperly attempting to relitigate title to the property and that she is entitled to partition of the property. The trial court's summary judgment order does not specify whether judgment was granted on traditional or no-evidence grounds, but the trial court dismissed Gerald's counterclaim with prejudice, found that the property could not be fairly and equitably divided, and ordered that the property be partitioned by sale. On appeal, Gerald argues that summary judgment is improper for various reasons. He contends that res judicata and collateral estoppel do not apply because the divorce court lacked jurisdiction to adjudicate ownership of the property at the time of the second divorce decree. According to Gerald, the bankruptcy court retained jurisdiction over the property and its order adjudicated ownership. He further contends that the divorce court's lack of jurisdiction renders the second decree void and, consequently, Robbie has no ownership interest in the property and her ownership claim is invalid.

The effect of filing a bankruptcy proceeding is two-fold. First, it creates a bankruptcy estate comprised of all the debtor's property. 11 U.S.C.A. § 541(a)(1). Second, it imposes an

8

automatic stay, which prohibits the commencement or continuation of any judicial action or proceeding against the debtor and any property within the debtor's bankruptcy estate. 11 U.S.C.A. § 362(a). The bankruptcy stay is effective upon filing of the petition, regardless of whether the court or the other parties to the stayed action are cognizant of the bankruptcy. *See Marroquin v. D & N Funding, Inc.,* 943 S.W.2d 112, 115 (Tex. App.—Corpus Christi 1997, no writ); *Huddleston v. Texas Commerce Bank–Dallas, N.A.,* 756 S.W.2d 343, 345 (Tex. App.—Dallas 1988, writ denied). The bankruptcy stay deprives state courts of jurisdiction over proceedings against the debtor and his property until the stay is lifted or modified. *See Baytown State Bank v. Nimmons,* 904 S.W.2d 902, 905 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *see also Lovall v. Chao,* No. 01–02–01019–CV, 2005 WL 110372, at *1 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (mem. op.). All state court actions taken against a debtor in violation of an automatic stay, pursuant to the bankruptcy code, are void, not voidable. *See Howell v. Thompson,* 839 S.W.2d 92, 92 (Tex. 1992); *Cont'l Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex. 1988); *In re De La Garza,* 159 S.W.3d 119, 121 (Tex. App.-Corpus Christi 2004, no pet.). While it is unnecessary to appeal from a void judgment, it is nevertheless settled that an appeal may be taken and that the appellate court in such a proceeding may declare the judgment void. *See State ex. rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex. 1995); *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.,* 126 S.W.3d 536, 543 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

During the pendency of a federal bankruptcy proceeding, a state court has jurisdiction to hear matters pertaining to the dissolution of a marriage, but not matters relating to property that is part of the bankruptcy estate. *See In re Surgent,* 133 S.W.3d 744, 749 (Tex. App.—Corpus Christi 2003, no pet); *see also In re Bowen,* No 2–03–338–CV, 2004 WL 541174, at *1 (Tex. App.—Fort Worth 2004, no pet.) (mem. op.); 11 U.S.C. § 362(b)(2)(iv). In *Surgent,* the court noted that various bankruptcy courts have held that the automatic stay provision does not apply to divorce petitions because domestic relations is a matter peculiarly within the province of state law. *See Surgent,* 133 S.W.3d at 749; *In re Schock,* 37 B.R. 399, 400 (Bankr. D.N.D. 1984); *In re Cunningham,* 9 B.R. 70, 71 (Bankr. D.N.M. 1981). The bankruptcy courts have been careful to note that, although a petition for divorce in a state court is not subject to the automatic stay, a state court does not have the right to make a determination or disposition of property that is part of the bankruptcy estate. *See Surgent,* 133 S.W.3d at 749.

In this case, Robbie filed for divorce in May 1988, prior to Gerald's filing for bankruptcy. Although the divorce court signed a decree in August 1990, it vacated the decree the following October. Thus, there was no divorce decree, or property division, in effect at the time Gerald filed his petition in the bankruptcy court in January 1991. Rather, as of January 1991, Gregg had already conveyed the property to Gerald alone, giving rise to the presumption that the property was subject to Gerald's sole management, control, and disposition. *See* TEX. FAM. CODE ANN. § 3.104(a) (West 2006); *see also* 11 U.S.C. § 541(a)(2) (the bankruptcy estate includes all interests of the debtor and the debtor's spouse in community property that is under the debtor's sole, equal, or joint management and control). As a result of the bankruptcy filing, the divorce proceeding was stayed to the extent that the divorce court lost jurisdiction over the property owned by Gerald. *See Baytown State Bank*, 904 S.W.2d at 905; *In re Surgent*, 133 S.W.3d at 749; *see also* 28 U.S.C. § 1334(e) (granting bankruptcy court exclusive jurisdiction over the debtor's property).

Michael subsequently asked the bankruptcy court for relief from the automatic stay so that he could foreclose on the property. The bankruptcy court granted the request, determining that Robbie had no ownership interest in the property and Michael had no obligation to notify her of the foreclosure. Specifically, the bankruptcy court determined that (1) Robbie was previously granted an equitable interest in a right to purchase the property and failed to exercise her option, and (2) Gerald purchased the property as his sole and separate property and incurred a separate debt to Michael. The order reflects that notice was provided to both Robbie and her counsel. The court discharged Gerald and closed the bankruptcy proceeding in June 1991. Michael foreclosed on the property and the trustee's deed, dated August 6, 1991, transferred ownership to Michael. As a result, when the bankruptcy stay was lifted and the divorce court entered its second decree in September 1991, neither Gerald nor Robbie owned the property. Consequently, the property was no longer part of the marital estate and the divorce court lacked jurisdiction to adjudicate ownership.[4] *See* TEX. FAM. CODE ANN. § 7.001 (West 2006) (in a divorce decree, the court shall order a division of the *estate of the parties*). Accordingly, at the time the trial court reviewed Robbie's motion for summary judgment, she had no valid claim to the property. *See Montenegro*, 419 S.W.3d at 572 (elements of suit to quiet title).

---

[4] Because the second decree was void, Gerald was not required to appeal from the decree. *See Latty*, 907 S.W.2d at 486; *see also PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012).

Nevertheless, Robbie argues that jurisdiction over the property transferred to the divorce court once the bankruptcy was closed. She contends that the transfer occurred by operation of law because the bankruptcy trustee abandoned the property and it reverted back to Gerald. We disagree. During the bankruptcy case, Michael sought an exception from the automatic stay so that he could foreclose on his lien on the property. The bankruptcy court, in granting Michael's motion, determined that Robbie did not have any interest in the property and Gerald owned it as his separate property. Michael then foreclosed on the lien and the trustee's deed conveyed the property to Michael. This all occurred before the divorce court issued its second decree. Therefore, at the time the divorce court issued its second decree, neither Robbie nor Gerald owned any interest in the property. As a result, the property could not have reverted back to Gerald.

Under these circumstances, we conclude that the divorce court lacked jurisdiction over the property when it entered the second divorce decree and the second decree is void with respect to its adjudication of ownership of the property. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) (a judgment is void when court rendering judgment lacks jurisdiction of the parties or property). Because the divorce court lacked competent jurisdiction to dispose of the property, res judicata and collateral estoppel do not apply. *See Amstadt*, 919 S.W.2d at 652; *see also Bacon v. Jordan*, 763 S.W.2d 395, 396 (Tex. 1988). Therefore, Robbie failed to establish her entitlement to summary judgment and the trial court erred in granting Robbie's no evidence and traditional motion for summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). We sustain Gerald's first and second issue and need not address his third. *See* TEX. R. APP. P. 47.1.

### DISPOSITION

Having sustained Gerald's first and second issues, we *reverse* the trial court's judgment and *remand* for further proceedings consistent with this opinion.

**BRIAN HOYLE**
Justice

Opinion delivered February 14, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 14, 2018**

**NO. 12-17-00120-CV**

**GERALD MORRIS,**
Appellant
V.
**ROBBIE MORRIS,**
Appellee

Appeal from the 87th District Court
of Anderson County, Texas (Tr.Ct.No. 87-10843)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** and that all costs of this appeal are hereby adjudged against the Appellee, **ROBBIE MORRIS,** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*