James MASON, Administrator of the Estate of Willie Mae Mason Rickard, James Mason and Robert Mason, Appellants,

v.

E. D. SNIDER, Appellee.

No. 318.

Court of Civil Appeals of Texas.

Tyler.

Jan. 25, 1968.

Rehearing Denied March 14, 1968.

Phenix & Wilder, James N. Phenix, Henderson, for appellants.

Gordon Wellborn and Rex Houston, Ken McConnico, Henderson, for appellee.

SELLERS, Justice.

We take the following statement of the case from Appellee's Brief:

"On September 27, 1964, an automobile driven by Don Rickard and containing his wife, Willie Mae Mason Rickard, struck the car driven by Mr. and Mrs. E. D. Snider. This was a rear end collision and the Sniders suffered serious and intensive injuries. A lawsuit was filed September 30, 1964, and the defendants were served with citation on October 2, 1964. The parties stipulated the damages in the sum of $3,000.00 and a judgment for this amount was pronounced and entered on April 27, 1965. * * * At the time of the collision, September 27, 1964, and at the time of service of citation, October 2, 1964, Willie Mae Mason Rickard owned an undivided interest in land in Rusk County, Texas. This land was under production and Willie Mae Mason Rickard was receiving income from the sale of the oil. The brothers of Willie Mae Mason Rickard, James Mason and Robert Mason, also owned undivided interest in the lands in question.

"On October 14, 1964, some twelve days after service of citation, the defendants in the suit for damages, Willie Mae Mason Rickard and husband, Don Rickard, signed a deed conveying all of the lands owned by Willie Mae Mason Rickard in Rusk County, Texas, to attorneys James N. Phenix, C. A. Keeling and Bill Wilder. The firm of Phenix, Keeling and Wilder held this land from October 14, 1964, until April 12, 1965, and then conveyed the lands made the subject of the October 14, 1964, conveyance to the brothers of Willie Mae Mason Rickard, James and Robert Mason. This conveyance of April 12, 1965, was pursuant to an agreement between James N. Phenix, James Mason, Robert Mason,

Willie Mae Mason Rickard and Don Rickard whereby Mr. Phenix agreed to take the land and later reconvey it to James and Robert Mason.

"Willie Mae Mason Rickard and Don Rickard were married July 11, 1964, * * * and they were separated at the time of Willie Mae Mason Rickard's death.

"To summarize the above sequence of events, we see Willie Mae Mason Rickard's undivided interest in land deeded to Phenix, Keeling and Wilder after the petition was filed against her and twelve days after service of citation.

"After the above series of transactions, the $3,000.00 judgment held by E. D. Snider against Willie Mae Mason Rickard and Don Rickard, jointly and severally, remained totally unsatisfied and so remains at the present time. On March 13, 1965, Cause No. 25,936, E. D. Snider filed suit against Willie Mae Mason Rickard, James Mason and Robert Mason, seeking a foreclosure on his judgment lien on the undivided property of Willie Mae Mason Rickard and that the conveyances of October 14, 1964, (Willie Mae Mason Rickard to Phenix, Keeling and Wilder), and April 12, 1965, (Phenix, Keeling and Wilder to James and Robert Mason) be set aside as fraudulent. Willie Mae Mason Rickard died after the filing of the fraudulent conveyance suit and James Mason, Administrator of the Estate of Willie Mae Mason Rickard, was made a defendant in his capacity as administrator."

The case was tried to a jury and resulted in a verdict and judgment for appellee.

On examining the petition of appellee in the trial court, it is found that the Warranty Deed is from Willie Mae Mason Rickard, joined in by her husband, Don Rickard, to James N. Phenix, C. A. Keeling and Bill Wilder. The only parties to that deed who are parties to this suit is the administrator of the Estate of Willie Mae Mason Rickard. Neither the husband of Willie Mae Mason Rickard nor the grantees in the deed are before this Court.

Likewise, the second Warranty Deed sought to be canceled is that from James N. Phenix, C. A. Keeling and Bill Wilder to James Mason and Robert Mason, the grantees. The only parties to this suit for the cancellation of that deed are the grantees—the grantors are not parties.

This Court is confronted at the outset with its jurisdiction to pass upon the merits of this appeal due to a lack of necessary parties defendant. The appellee realized that he had to cancel the above two deeds in order to subject the property to his asserted judgment lien.

It seems well settled in this State that one who seeks to cancel a deed must have all parties to the deed made parties in the suit before relief can be granted. Matthews et al. v. Landowners Oil Ass'n et al., Tex. Civ.App., 204 S.W.2d 647; Dial et al. v. Martin et al., Tex.Civ.App., 8 S.W.2d 241, T.J.2d, Vol. 261, page 443, Section 151. Such parties are necessary parties and a failure to join them in the suit is fundamental error of which this Court must take notice. T.J.2d, Vol. 44, page 237, Section 86:

"As a rule, lack of necessary parties is a fundamental error. It cannot be waived by any party and may be noticed at any stage of the proceedings. It is an issue that may be raised for the first time on appeal, and whether pleaded or not in the court below may be noticed by the appellate court even without assignment of error. * * *"

For the lack of necessary parties to this suit, the judgment of the trial court is reversed and the cause is remanded.